### RAY v. JONES.

### Ohio Appeals, Fourth District, Lawrence County.

### Decided January 18, 1950.

Wayne L. Elkins, Ironton, for plaintiff-appellee.
O. E. Irish and Hudson Jefferys, Ironton, for defendant-appellant.

## OPINION

By GILLEN, J.

Plaintiff's petition sets forth three causes of action; first, an action in ejectment, second, a claim for rents and profits in the sum of $300 and third, an action to quiet title. All three causes require a determination of the ownership of certain real estate described in the petition and the right to possession thereof. The trial court found in favor of plaintiff and from that judgment an appeal on questions of law and fact has been perfected.

The record discloses that on the 19th day of August, 1938, defendant purchased the property in question for the sum of $300 from the Superintendent of Building & Loan Associations of Ohio in charge of the liquidation of the Home Building & Loan Company of Ironton, Ohio. He did not present his deed for record until the 4th day of November, 1946, which was subsequent to the time plaintiff recorded his deed to the same property. The property on the tax duplicate remained in the name of the Home Building & Loan Company until it was sold by the County Auditor at a tax sale to Virgil Jarrell on the 25th day of July, 1946. The valuation appearing on the tax duplicate from 1938 to 1943 was real estate $50 and building $180. In 1943 all real estate in the county was reappraised and the valuation of the property in question was thereafter carried on the tax duplicate as real estate $50 and no reference to building. At no time did defendant pay any taxes on this real estate. In 1939 the property was certified as delinquent and thereafter carried as delinquent until 1946. Jarrell conveyed the property to plaintiff on the 23rd day of October, 1946, on which day the deed was recorded. The description of the property is as follows: Lot No. 46, Range 16, Township 1, Section 27,—50′ on road to river. Defendant claims that he spent approximately $2,000 improving the property and that its value at the time of trial was $3,000.

On the 5th day of November, 1943, the Board of Revision adopted a resolution designating certain parcels of real estate as the omitted list from foreclosure proceedings. The secretary of the board was instructed to submit the list of omitted lands to the Prosecuting Attorney and Clerk of Courts for proper action.

On the 2nd day of May, 1946, a petition was filed in the office of the Clerk of Courts of Lawrence County, seeking to have certain lands, lots or parts of lots forfeited to the State of Ohio for nonpayment of taxes. The petition de-

scribed the property theretofore approved by the Board of Revision as the property omitted from the foreclosure proceedings and included the property in question. Due notice of the pendency of this action was given by publication in two newspapers of opposite politics, pursuant to the provisions of §5718-1b GC. A decree of forfeiture was made May 13, 1946. Thereafter the county Auditor duly advertised the forfeited lands for sale and sold the parcel in question to plaintiff's predecessor in title.

It is urged that the Board of Revision did not exercise proper discretion at the time it placed the property in question on the omitted list since a personal view of the premises was not made. It is admitted that the board relied on the information obtained from the tax duplicate in respect to this matter. The duty of the board in this regard is defined by the provisions of §5718-1 GC. This statute was amended in 1943 and the words "after investigation" were omitted. It would seem, therefore, that the board after that date was not required to investigate the property under consideration by visiting each parcel of land and that it could rely upon the information obtained from the records in the Auditor's office. This seems to be a logical deduction in view of the fact that the legislature in 1943 amended the statutes regulating the forfeiture of delinquent property to the state. The procedure now requires that the matter be submitted to the Court of Common Pleas for adjudication. Sec. 5718-1a GC provides: "After such list of omitted lands has been prepared by the county auditor, the prosecuting attorney, in the names of the members of the board of revision, shall prepare and file an application in the common pleas court of such county. Lands which have been previously omitted and forfeited to the state and are not disposed of may be included in the application. The application shall recite the date or dates on which such board met to consider the list of delinquent lands, the action taken by such board with respect to such lands, and such other facts as may be pertinent; it shall conclude with a prayer asking for an order fixing a day for the hearing of objections to the action of such board and, after such hearing, and order confirming the action of such board and forfeiting such lands to the state of Ohio. The list of omitted lands may be incorporated in or attached to such application and such application need not be verified."

The procedure to be followed thereafter is prescribed by the subsequent code provisions. The manner in which notice shall be given, the manner of hearing and all other steps are

outlined. Applying these provisions to the steps taken in the instant case we find no irregularity. All notices were duly given as required by the statutes. Defendant's difficulty is directly attributable to his own neglect. After he acquired title to the property he did not present his deed to the county auditor to have the title transferred to his name and did not have his deed recorded in the office of the County Recorder. The fact that the title was continued on the tax duplicate in the name of the Home Building & Loan Company is defendant's own fault. The statutes prescribing the procedure to be followed in the sale of land for delinquent taxes require only that notice be given in the name of the owner as such name appears on the tax duplicate. Defendant not only failed to protect his interest in this regard but also neglected to pay any taxes on the property. While he claims to have spent about $2,000 improving the premises he admits that such improvements were not reported for tax purposes. Under such circumstances he is in no position to complain. The fact that the auditor sold the property at public sale for the sum of $16 when the true value thereof was much greater than that amount does not alter the situation. The county auditor complied with all requirements of the code and the procedure in the Court of Common Pleas constituted a judicial determination of the issues presented. The code also provides that from such judicial determination an appeal may be taken, but in the instant case this relief has not been sought. "It is the duty of the owner of land to see that it is properly listed, and it is also his duty to pay the taxes. If he neglects this duty, the State cannot be deprived of its lien upon the land." **Gwynne v. Niswanger, 15 Ohio 367.**

We are of the opinion that defendant was afforded ample opportunity to protect his interest and that by his own neglect he is now estopped to assert his claim. It has been said in the case of **State ex rel. City of South Euclid v. Zangerle, 145 Oh St 433,** 62 N. E. 2d 160, 161 that: "1. Under §§5752 and 5762 GC, which are in pari materia and must be construed together, the sale of land forfeited to the state for the nonpayment of taxes and assessments invests the purchaser with a new and perfect title free from all liens of special assessments and reassessments."

A question has been raised in regard to the description of the property involved in this litigation. There can be no doubt about the identify of the property since it is apparent that the parties are claiming ownership of the same tract of land.

The case has been thoroughly briefed and the trial court in

a written opinion considered the issues clearly and correctly. We have examined the entire record and find no prejudicial error contained therein.

Judgment is, therefore, rendered for plaintiff in all three causes of action. He is adjudged to be the owner of the premises and to have the right of possession thereof. Title to the property will be quieted and plaintiff will be awarded the sum of $15 per month as rental for the premises since the date he acquired title. An entry may be prepared accordingly.

McCURDY, PJ, and METCALF, J, concur.