TOTH, PLAINTIFF-APPELLANT, *v.* STATE, BOARD OF REVIEW, BUREAU OF UNEMPLOYMENT COMPENSATION, DEFENDANTS-APPELLEES.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25775. Decided June 14, 1962.

(Sᴍɪᴛʜ, P. J., Dᴇᴇᴅs and Fᴇss, JJ., of the Sixth Appellate District, sitting in the Eighth Appellate District.)

*Mr. A. W. Bell* and *Mr. Francis E. Picklow,* for plaintiff-appellant.

*Mr. Mark McElroy,* attorney general, and *Mr. Frank A. Szymanski,* assistant attorney general, for defendants-appellees.

Fᴇss, J. Appeal on questions of law from a judgment of the common pleas court dismissing appellant's appeal from a decision of a referee disallowing her claim for compensation. The motion to dismiss the appeal was upon the ground that the notice of appeal failed to comply with that provision of Section 4141.28, Revised Code, requiring that the notice of appeal "shall set forth the decision appealed from and the errors therein complained of."

The notice of appeal, filed April 29, 1960, recites verbatim the decision of the Board upon rehearing including recitation of the proceedings on reconsideration before the administrator, his findings of fact and the reason for the disallowance of her claim, and also the decision of the Board of Review which bears no date other than the date of the mailing thereof, 4-6-1960. In her verification of the notice of appeal, appellant alleges "that the facts stated in the foregoing decision are not true," etc.

No formal statement of the "errors complained of" appears in the notice of appeal. But in the transcript filed by the Board in the common pleas court appears a "Notice of Intent

to appeal to Court and Request for Rehearing.'' (Form UCO-941, apparently furnished by the Board), filed in the Cleveland office on December 14, 1959, which recites:

"The undersigned appellant, an 'interested party' under Section 4141.01 (I), Revised Code, hereby gives notice of intent to appeal to a Court of Common Pleas from the decision (or order) of the Board of Review dated December 7, 1959, and requests a rehearing by the Board, pursuant to the provisions of Section 4141.28, Revised Code (effective October 10, 1955).

"Appellant hereby states that he (she or it) has been adversely affected by said decision (or order) of the Board, and sets forth the following specific reasons for filing this Notice and Request: *That the decision is unlawful, unreasonable and against weight of the evidence.*" (The emphasized portion is written in the form by typewriter presumably by claimant or at her direction.)

In support of the judgment below dismissing the appeal the Attorney General on behalf of the appellee cites *Zier v. Bureau of Unemployment Compensation*, 151 Ohio St., 123, 84 N. E. (2d), 746, and several unofficially reported decisions of common pleas courts. Appellee also relies upon *American Restaurant & Lunch Co. v. Glander*, 147 Ohio St., 147, 70 N. E. (2d), 93, and *Queen City Valves, Inc. v. Peck*, 161 Ohio St., 571, 120 N. E. (2d), 445, holding that where a statute confers the right of appeal, adherence to the conditions thereby imposed is essential to the enjoyment of the right conferred and that compliance by an appellant-taxpayer by specifying "the error or errors therein complained of" in his notice of appeal is essential to confer jurisdiction upon the Board of Tax Appeals to hear and determine the appeal. In the *Zier case* the court approves and follows the principle announced in the *American Restaurant case.*

In the light of the liberal interpretation of the provisions of the Appellate Procedure Act and Chapter 2953 of the Code dealing with appeals in criminal cases it is difficult to agree with the contention that with respect to appeals from administrative agencies an adversely affected claimant is required to strictly and literally comply with the statutory conditions imposed as a predicate to accord jurisdiction to the court to which the appeal is sought to be taken.

Keeping the legislative intent in mind, and the purpose of the Appellate Procedure Act the courts have consistently held that the act in its entirety and every section thereof should be liberally construed to the end that the legislative intent be made effective. Such act is remedial, and if ambiguous must be construed liberally to the end that the appellant have one trial and one review of his case, which it is the thoroughly established public policy of the state to vouchsafe every litigant. 2 Ohio Jurisprudence (2d), 554. With respect to appeals in criminal cases, notwithstanding the statute (Section 2953.04, Revised Code), explicitly provides that the brief of the appellant shall be filed with the transcript and shall contain the assignments of error relied on in such appeal, the Supreme Court has held the provision is directory as to the filing of such brief, and an appellate court may, in the exercise of its discretion, grant additional time for the filing thereof. *State* v. *Nickles*, 159 Ohio St., 353, 112 N. E. (2d), 531.

In contrast with proceedings incident to a trial in a court of law, proceedings before administrative agencies are informal in character and are ordinarily not bound by common-law or statutory rules of evidence. The proceedings may be entirely devoid of formality and in complete disregard of rules of evidence, and an agency may base its conclusions upon almost any information that may be before it, no matter what its form or manner of presentation. Therefore, there is ordinarily no occasion for a claimant to "claim" or assign error incident to the proceedings themselves. After all, it is apparent from the notice of appeal in the instant case, aside from the allegations in the verification thereof and the notice of intent to appeal, that the error of which she claims is her denial of compensation as a result of the decision set forth in her notice. It is also well known that administrators are prone on occasions to act capriciously and arbitrarily. The term "bureaucracy" has come to connote a semblance of autocracy. Even the most enlightened bureaucrat is inclined to place special emphasis upon routine and conservative action,—"red tape." With the phenomenal growth of administrative agencies displacing the courts in the adjustment of disputes it has become increasingly more important to accord those appearing before boards and commissions adversely affected the right of review by appeal to the

courts. In our opinion, such right of review should not be defeated on purely technical grounds.

And although the *American Restaurant* and *Queen City Valves cases* could be regarded as denying the right of review on technical grounds, they relate to an administrative appeal within the agency and not to an appeal to the courts and are, therefore, to be distinguished from the decision in *Castleberry* v. *Evatt*, 147 Ohio St., 30, 67 N. E. (2d), 861. The *Zier case* approved and followed the *American Restaurant case*, but is not to be regarded as denying the right of review upon purely technical grounds. In *Zier* the notice of appeal wholly failed to set forth any decision of the Board of Review. In *Moore* v. *Foreacher*, 156 Ohio St., 255, 102 N. E. (2d), 8, the court distinguishes the *Zier case* and the *American Restaurant case* and holds:

"Where an appeal is taken to the Common Pleas Court from a decision of the Board of Review, Bureau of Unemployment Compensation, that portion of Section 1346-4, General Code, which reads, 'such notice of appeal shall set forth the decision appealed from,' does not require that the decision appealed from be incorporated in the notice of appeal by being copied into it or by being attached thereto and made part thereof by reference. The 'decision appealed from' is sufficiently 'set forth' to satisfy the requirements of that statute where the notice of appeal clearly and without any ambiguity or uncertainty identifies, fully describes and states the substance and effect of the decision from which the appeal is taken."

In the opinion the court states:

"We believe that this notice of appeal, considered realistically, does sufficiently 'set forth' the decision appealed from and the errors therein complained of to satisfy the requirements of Section 1346-4, General Code. Even though it may be good practice to include in the body of the notice of appeal, or by attachment thereto and reference, an exact copy of the decision appealed from, we do not consider that the words, 'set forth,' require such to be done. The notice of appeal must, however, be so complete in its terms and recitals that no uncertainty can exist as to the particular decision appealed from. The notice of appeal in the instant case is sufficiently complete."

The court also observed that its conclusion was in com-

plete harmony with its decision in *Castleberry* v. *Evatt*, 147 Ohio St., 30, 67 N. E. (2d), 861, a case involving an appeal from the Board of Tax Appeals to the Supreme Court, wherein the court refused to dismiss the appeal on technical grounds. For facts presented, see dissenting opinion of Zimmerman, J., pp. 36, 37, 147 Ohio St.

The notice of appeal in the *Moore case* set forth the decision appealed from but was less comprehensive than the notice in the instant case. The notice in the instant case was more than sufficient to apprise the opposite party as well as the court of the taking of the appeal, the decision appealed from and the errors complained of. *Commonwealth Oil Co.* v. *Turk*, 118 Ohio St., 273, 160 N. E., 856.

It is therefore concluded that the judgment of the common pleas court in the instant case should be reversed and the cause remanded thereto for further proceedings according to law.

DEEDS, J., concurs.
SMITH, P. J., dissents.

SMITH, P. J. (dissenting). The requirements of Section 4141.28, Revised Code, have long been strictly construed by our Ohio courts and such construction has become stare decisis. Cogent reasons may call for a liberal construction as has been given to the Appellate Procedure Act, but a change thereof is now a proper subject of the Legislature.