THE PARK INVESTMENT CO., APPELLEE, *v.* BOARD OF REVISION OF CUYAHOGA COUNTY ET AL., APPELLANTS.*

(No. 25561—Decided February 1, 1962.)

*Messrs. Rager & Forrester*, for appellee.

Mr. *John T. Corrigan*, prosecuting attorney, Mr. *George W. Leddon* and Mr. *John L. Dowling*, for appellants.

KOVACHY, P. J.   This is an appeal by the Cuyahoga County Board of Revision and John J. Carney, Auditor of Cuyahoga County, on questions of law from a judgment of the Court of Common Pleas finding the true value in money of the Park

_____
*Motion to certify the record overruled (37517), July 5, 1962.

Building, located at the corner of Euclid Avenue and Ontario Street in the city of Cleveland, to be $1,050,000 for the years 1955, 1956 and 1957 and finding the taxable value for the year 1958 to be, likewise, $1,050,000.

The cause was heard in the Court of Common Pleas on an appeal from a decision of the Cuyahoga County Board of Revision taken to that court by the appellee here, The Park Investment Company. The Board of Revision found the true value of such property to be $1,252,110 for each of the years mentioned.

Appellants' assignments of error will be listed seriatim.

1. *The trial court erred in overruling the motion of the Board of Revision and the County Auditor to dismiss so much of The Park Investment Company's appeal as pertains to the parcel known as county auditor's permanent parcel No. 101-26-57.*

The real property here involved consists of two parcels known as county auditor's permanent parcels Nos. 101-26-27 and 101-26-57.

Parcel No. 101-26-27 is listed in the name of The Park Investment Company for taxation for the years 1955, 1956, 1957 and 1958.

Parcel No. 101-26-57 "is entered on the tax list for the current year in the name of Tamblyn, Joseph Estate and National City Bank, Tr., and Claude F. Franke, et al."

The complaints as to both parcels were filed by The Park Investment Company with the Board of Revision, and The Park Investment Company appealed from the decision of that board to the Court of Common Pleas as to both parcels.

A motion made by the Board of Revision and the County Auditor in the Court of Common Pleas to dismiss the appeal as to permanent parcel No. 101-26-57 was overruled.

The Board of Revision and the County Auditor here claim that the trial court was in error in such ruling for the reason that Section 5717.05, Revised Code, provides in part that "an appeal from the decision of a county board of revision may be taken directly to the Court of Common Pleas of the county *by the person in whose name the property is listed or sought to be listed for taxation.*" (Emphasis added.)

It is agreed by the parties that The Park Investment Company holds a 99-year lease, renewable forever, on parcel No.

101-26-*57*.  In *Ralston Steel Car Co.* v. *Ralston*, 112 Ohio St., 306, the Supreme Court stated, as follows, in paragraph one of the syllabus:

"Where the owner of real estate leases the same to another and to his heirs and assigns for a term of 99 years, renewable forever, the estate created by such instrument becomes a freehold estate in real property and becomes subject to the laws of descent as an estate in fee."

Chief Justice Marshall, at page 309, said:

"* * * The agreed statement of facts does show that the tenure was for 99 years, renewable forever.  It was therefore as permanent as a fee-simple estate. * * *"

In *Stephenson* v. *Haines*, 16 Ohio St., 478, 486, it is stated with respect to a similar lease:

"Properly speaking, however, this is no 'lease.'  A *term* of years, and a *reversion*, seem indispensable to the idea of a lease.  If this is a lease, it is also much more.  It is a deed of conveyance in fee, subject to a condition of defeasance. * * *"

Section 5717.01, Revised Code, in dealing with an appeal from the County Board of Revision to the Board of Tax Appeals, provides that such appeal may be taken "by the County Auditor or any person or public official authorized by Section 5715.19 of the Revised Code to file complaints against valuations or assessments with the auditor."

And Section 5715.19, Revised Code, states:

"* * * Any taxpayer may file such a complaint as to the valuation or assessment of his own or another's real property, and the board of county commissioners, the prosecuting attorney, or the treasurer of any county, any board of township trustees, any board of education, or the mayor or legislative authority of any municipal corporation in any county may file such a complaint. * * *"

Moreover, Section 5717.05, Revised Code, states:

"As an alternative to the appeal provided for in Section 5717.01 of the Revised Code, an appeal from the decision of a county board of revision may be taken directly to the Court of Common Pleas of the county *by the person in whose name the property is listed or sought to be listed for taxation.* * * *" (Emphasis added.)

It is manifest from a consideration of Sections 5717.01 and

5717.05, Revised Code, that the Legislature intended that only the party having the responsibility to pay taxes on a parcel of real estate shall be the one permitted to file an appeal from a decision of the County Board of Revision to the Court of Common Pleas. The holders of a lease for 99 years, renewable forever, are in reality the "owners" of the real property and pay the taxes thereon. It seems to us, therefore, that The Park Investment Company comes within the purview of Section 5717.05, Revised Code, and is the proper party under the law to prosecute an appeal to the Court of Common Pleas from an adverse ruling of the Board of Revision.

2. *The trial court erred in sustaining The Park Investment Company's motion to amend its appeal in the trial court to include an allegation that the tax valuation of the subject property is discriminatory as to The Park Investment Company.*

The trial court, over the objection of the Board of Revision and the County Auditor, permitted The Park Investment Company to amend its appeal to include an allegation that "the tax valuation of the subject property is discriminatory as to The Park Investment Company."

We overrule this claim of error for the reasons that the trial court heard this cause *de novo* (*City of Cleveland* v. *Cuyahoga County Board of Revision*, 96 Ohio App., 483); that the question of discrimination relates to a constitutional question of uniformity of taxation (Article XIV, Amendments, federal Constitution, and Section 2 of Article XII of the Ohio Constitution) and is one for a court of law to resolve; that the failure to designate the type of hearing upon appeal is not jurisdictional, and the notice of appeal may be amended by the appellate court for good cause shown (Section 2505.05, Revised Code), the procedure with respect thereto being governed by the Appellate Procedure Act and not the Administrative Procedure Act; and that that portion of Section 5717.05, Revised Code, which reads, "in the event the *complaint and appeal* is against a discriminatory valuation, shall determine a valuation which shall correct such discrimination," may be read, *complaint or appeal*, and thus would allow the question of "discrimination" to be raised for the first time on appeal in the Court of Common Pleas.

Section 1.02 (H), Revised Code, states:

" 'And' may be read 'or,' and 'or' may be read 'and' if the sense requires it."

Moreover, although the expression, "discriminatory valuation," appeared in this statute for the first time in 1959, such question, being one involving a constitutional right, was always subject to adjudication by a court of law prior to such date, and the statute is only declaratory of the common-law rule.

3. *The trial court erred in admitting The Park Investment Company's exhibit T-3 in evidence.*

Exhibit T-3 is a compilation of 1,234 separate sales of property in the downtown area of Cleveland from 1949 to 1959 and designates the tax value of each property involved. It excludes sales made between relatives, sheriff's sales, probate sales and forced sales. The sale price of each was determined from the revenue stamps attached to the deed. The tax value was taken from the auditor's duplicate. The parties who compiled the report testified in court. The material for it was obtained from the County Auditor's transfer book, which is an official record book.

Appellants argue that federal revenue stamps are not reliable as a guide to the sale price. The law, however, presumes that such revenue stamps attached to a deed reflect the price paid for the property.

In *Flynn* v. *Palmer*, 270 Wisc., 43, 51 A. L. R. (2d), 1000, headnote five of the latter report reads as follows:

"The presence of revenue stamps on a deed creates a presumption of the giving of consideration of an amount represented by the stamps, since such stamps are required only in the case of an actual sale of the property."

In the case of *In re McGeehin's Will*, 134 Misc., 334, the court concluded that "from the fact that it bears a United States internal revenue stamp of $1.50, a presumption is created that he received approximately $3,000."

The record discloses no evidence whatever on the part of the appellants to overcome such presumption of law as to any one of the 1,234 transactions set forth in this exhibit.

The Supreme Court of Ohio in the case of *Ohio Turnpike Commission* v. *Ellis*, 164 Ohio St., 377, sanctioned the admis-

sibility of evidence of the sale price of real estate based on the revenue stamps attached to the deed.

Appellants contend also that there is no showing that the properties in this exhibit are comparable. The fact is that all the sales compiled in this report were of property comprising the downtown area, a wholly commercial area. The Park Building is located in this area, and, in our opinion, uniformity in taxation applies to such commercial property as a class.

The trial court declared exhibit T-3 competent and admissible, not to demonstrate an "absolute, exact ratio" between total assessed values and total sale prices but rather "to serve as approximate guides of existing relationships between assessed values and sales prices for the streets of the downtown area during the years covered." We hold that the trial court did not abuse its discretion in admitting The Park Investment Company's exhibit T-3 for the limited purpose indicated.

4. *The trial court erred against the manifest weight of the evidence in finding true value in money for the subject property for 1955, 1956 and 1957, and in finding taxable value of the subject property for 1958.*

A careful reading of the bill of exceptions discloses ample evidence to support the findings of fact of the trial court in its memorandum opinion filed as findings of fact and conclusions of law, and we find the conclusions of law consistent with such findings of fact.

As a consequence, we hold that the judgment rendered is not against the manifest weight of the evidence.

Accordingly, the judgment is affirmed.

*Judgment affirmed.*

Skeel and Hurd, JJ., concur.