HOWARD ET AL., TRUSTEES, APPELLEES, *v.* DOR EL REALTY
CO. ET AL., APPELLANTS, ET AL., APPELLEE.

[Cite as Howard v. Dor El Realty Co.,
20 Ohio App. 2d 191.]

(No. 4850—Decided November 18, 1969.)

*Messrs. Manchester, Bennett, Powers & Ullman,* for
appellees.

*Messrs. Traxler, Malkoff & Shwartz,* for appellants.

LYNCH, P. J. Defendants, appellants herein, are ap-
pealing the decision of the trial court on the petition of
plaintiffs, appellees herein, for declaratory judgment
concerning real estate owned by plaintiffs, which was for-
feited for failure to pay taxes and was sold to defendants
pursuant to Sections 5723.01 to 5723.19, inclusive, of the

Revised Code. The trial court held that the tax sale and all the conveyances made pursuant thereto are void and of no effect.

In 1939 legal title was acquired by plaintiffs Garnet F. Howard and C. C. Choffin to Youngstown city lot No. 7962, and this was correctly reflected by the county auditor's records commencing with August 24, 1939. C. C. Choffin died, and his one-half interest in this property was transferred to Warren P. Williamson, Jr., L. Calvin Jones and J. Eugene Bennett, trustees under the will of C. C. Choffin. On July 12, 1957, the county auditor's records changed the listing of this property to "Choffin and Williamson" apparently on the basis of the certificate of transfer, and this listing of the property continued until it was sold for taxes as forfeited land. Tax statements were mailed to 1106 Union Bank Building, Youngstown, Ohio, which is the address of the trustees under the will of C. C. Choffin, according to the caption of the petition filed in this case.

In 1966, the realty was forfeited to the state of Ohio for failure to pay taxes, pursuant to Section 5721.17, Revised Code. All publications were in the name of "Choffin and Williamson," and the name of Howard was not included in such advertisements. At public sale the realty was sold to defendant Dor El Realty Company, which then transferred it to defendant Merdich Brothers Realty Company.

Taxes on this property became delinquent in 1942 and were certified delinquent in 1945. At the time of the tax sale, the back taxes amounted to $1,258, and the property was sold for $240.

Prior to the tax sale, plaintiffs entered into an agreement with the city of Youngstown to sell this property for $5,600.

The trial court held that the auditor did not comply with Section 319.20, Revised Code, in omitting the name of plaintiff Garnet F. Howard on the tax records as an owner of this property; that plaintiff Garnet F. Howard was not given proper legal notice; and that the tax sale is void and of no effect.

The issue in this case is whether the fact that the publications required by law listed the ownership of this property as "Choffin and Williamson" was sufficient grounds to invalidate a sale that otherwise complied with all other requirements of Sections 5723.01 to 5723.19, inclusive, of the Revised Code. This raises an issue as to the validity of many tax sales.

Many parcels of real estate have multiple ownership, and the modern mechanics of keeping records in the auditor's and treasurer's offices limit the number of names in the listing of the owners on their records. The Mahoning County Auditor's and Treasurer's Offices limit the listing of owners on their records to not more than two names. If a tax sale can be set aside on the basis that one of the co-owners was not listed on the auditor's records, then many tax sales of forfeited land can be set aside, and the Mahoning County Auditor and Treasurer will be required to change their office procedures in listing the names of owners of real estate for tax purposes.

Tax delinquent lands can be forfeited when the county board of revision determines that such land will not bring upon sale a sufficient amount of money to pay the total amount charged against it on the tax duplicate, together with the costs of foreclosure (Section 5721.14, Revised Code), and the Court of Common Pleas confirms the action of the county board of revision (Section 5721.17, Revised Code). This was the situation in this case.

Sections 5723.05, 5721.03, and 5721.06 of the Revised Code, which provide for the advertisement of the sale of forfeited lands, require the listing of the names of the owners as designated on the auditor's duplicate. See Section 5721.06, Revised Code. This was done in this case.

Section 323.13, Revised Code, provides that failure to receive a tax bill does not excuse failure or delay to pay real estate taxes; therefore, if the auditor makes a mistake in the listing of the names of the owners of the real estate on the tax duplicate, this does not excuse the property owner from paying his taxes.

Real estate taxes are upon the land itself and not up-

on the persons owning it. *Southern Ohio Savings Bank & Trust Co.* v. *Bolce,* 165 Ohio St. 201.

The syllabus of Opinions of the Attorney General (1961), 512, No. 2473, is as follows:

"In the advertising of a sale of forefeited lands to be made by the county auditor under Sections 5723.01 to 5723.-10, Revised Code, the description of the lands being advertised must include the names of all persons listed on the auditor's general tax list and duplicate as being the owners of such lands, but there is no requirement that the names of persons who may own an interest in such lands but who are not listed as owners on said tax list and duplicate be included in the description."

*Gwynne* v. *Niswanger,* 15 Ohio 367, holds that at the time of a tax sale title passes to the buyer at the tax sale, and it is not material that the land was taxed in the wrong name or even as belonging to unknown heirs. It is the duty of the owner of land to see that his property is properly listed, and it is also his duty to pay the taxes. If he neglects this duty, the state can not be deprived of its lien upon the land; nor can the purchaser at the tax sale be deprived of his right by a mistake on the part of the officers of the government as to the name of the person to whom the tax is charged.

*Gwynne* v. *Niswanger,* 15 Ohio 367, was followed in *Ray* v. *Jones,* 57 Ohio Law Abs. 426.

The headnote in *Francis* v. *Middlesworth,* 73 Ohio Law Abs. 578, is as follows:

"Section 5718-lb, General Code [Section 5721.16, Revised Code], providing for the publication of lists of forfeited lands containing the owner's names as shown by the auditor's duplicate does not require formal notice to be given to the owner and does not require a listing of actual owners but rather the name as found on the auditor's duplicate at the time it was omitted."

The fifth paragraph of the headnotes of *Bliss Realty, Inc.,* v. *Darash,* 64 Ohio Law Abs. 339, is as follows:

"Since a failure to act by the taxpayer has created the tax delinquency the publication of notice required under

Section 5704, General Code [Section 5721.03, Revised Code], is not necessary for his information, therefore the requirement as to publication of such notice must be for the information of the general public and not the taxpayer.''

We hold that it is the duty of the property owner to pay real estate taxes and to see that his property is properly listed on the tax records. In this case, one owner, the estate of C. C. Choffin, was properly listed on the tax records, and tax statements were mailed to the address of the trustees under the will of C. C. Choffin. Thus for a period of over nine years before the tax sale, one of the owners was aware of the listing of this property for tax purposes and failed either to pay the taxes or to correct the auditor's records.

Plaintiff Garnet F. Howard, during the same period, also failed to pay the taxes or to correct the auditor's records. Certainly, there was ample time on the part of Mr. Howard to correct the auditor's records if they should be corrected. We feel that it is too late for Mr. Howard to complain about any mistake of the auditor's office after a lapse of nine years.

We further hold that there is no requirement that all the names of persons who may own an interest in tax forfeited lands but who are not listed as owners on the auditor's tax duplicate be included in the advertisements of tax sales of forfeited lands, and that the purchaser at a tax sale can not be deprived of his right to such property because of a mistake on the part of public officials in omitting the names of some owners of the property on the auditor's tax records.

The facts of this case present a difficult question to determine. The forfeiture of this real estate for failure to pay taxes is harsh, but such taxes are necessary for the governmental services of our schools and municipal and county governments. Failure to pay such taxes transfers this responsibility to other property owners. If there is no penalty for nonpayment of real estate taxes, what incentive is there for anybody to pay taxes?

Our conclusion, under the applicable law, is that the trial court was in error in holding that the tax sale and all the conveyances made pursuant thereto are void and of no effect.

*Judgment reversed and final judgment for defendants.*

O'NEILL and JOHNSON, JJ., concur.