QUENTIN B. & PATRICIA RICHMOND, D.B.A. KETTERING-OAKWOOD ACCOUNTING SERVICE & ANSWERING SERVICE, APPELLEES, *v.* BOARD OF REVIEW, OHIO BUREAU OF EMPLOYMENT SERVICES ET AL., APPELLANTS.

(No. 78AP-699—Decided March 15, 1979.)

*Messrs. Fontana, Ward & Kaps* and *Mr. David S. Bloomfield,* for appellees.

*Mr. William J. Brown,* attorney general, and *Mr. Raymond A. Stegmeier,* for appellants.

WHITESIDE, J. Appellants, the Administrator and Board of Review, Ohio Bureau of Employment Services, appeal from a judgment of the Court of Common Pleas of Franklin County reversing an order of the Board of Review. In support of their appeal, appellants raise a single assignment of error, as follows:

"The Court of Common Pleas erred in granting summary judgment as a matter of law for failure of the Board to file the transcript within 30 days."

Appellees herein (appellants in the Court of Common Pleas) filed their notice of appeal in the Court of Common Pleas on November 24, 1976, and, at the same time, apparently filed a demand for a written transcript. However, the record of proceedings was not filed with the Court of Common Pleas until January 5, 1977. On January 11, 1977, the appellees herein (appellants below) filed a motion for summary judgment, predicated solely upon the grounds that the transcript had not been timely filed and supported by an affidavit that a demand for the transcript had been filed on November 24, 1976. Eventually, the Court of Common Pleas sustained the motion for summary judgment, finding that it had no choice but to reverse the order appealed from since the transcript was not timely filed in accordance with mandatory statutory requirements. A motion for reconsideration was filed and overruled subsequent to the entry of judgment on September 28, 1978, and prior to the notice of appeal, which was timely filed.

The notice of appeal to the Court of Common Pleas states that the appeal is pursuant to R. C. 4141.26, which provides, in part, as follows:

"The board upon written demand filed by the appellant shall within thirty days after the filing of such demand file with the clerk a certified transcript of the record of the proceedings before the board pertaining to the determination or order complained of, and the appeal shall be heard upon such record certified to the board. A bill of exceptions shall not be required at any level of appellate review.***"

The record reflects that the Board of Review (hereinafter the "Board") failed to comply with this statute by not filing the certified transcript of the record until January 5, 1977; whereas, it should have been filed on or before December 24, 1976. The trial court found the statutory provision not only to be mandatory, but also to be "jurisdictional" in the sense that a reversal is mandated unless the statutory time limitation is complied with.

R. C. 119.12 contains such a provision with respect to administrative appeals subject thereto. This appeal, however, is not subject to R. C. 119.12. Appellees herein refer to *Stephan* v. *State Veterinary Medical Bd.* (1960), 113 Ohio

App. 538, as supporting their position. In that case, it was determined that the provision in R. C. 119.12 was mandatory, prior to the addition of the statutory sanction to that section. We agree that the statutory provision in R. C. 4141.26 is mandatory; however, this determination is not dispositive of the issues.

The issue is whether the trial court had jurisdiction to permit the appeal to proceed, even though the Board did not timely file the transcript. To put it in different terms, the issue is whether the trial court had jurisdiction to grant leave to the Board to file the transcript out of rule. Obviously, filing requirements are mandatory; but the issue here is the sanction, if any, to be imposed, not whether the requirement is mandatory. The trial court apparently determined that it had no choice but to reverse the order because of the failure of the Board to make a timely filing. We disagree. If that had been the intent of the legislature, it most assuredly could have set forth a provision to that effect, as it did with respect to R. C. 119.12.

Pursuant to Civ. R. 1, the Civil Rules were applicable to this appellate proceeding in the Court of Common Pleas, except to the extent limited by Civ. R. 1(C), which provides that: "These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure (1) upon appeal to review any judgment, order or ruling***."

In this case, the statute is silent as to whether the time for filing the transcript may be extended by the trial court. R. C. 119.12, on the other hand, contains an express provision for such an extension. Civ. R. 6(B), however, contains a provision for an extension of time and provides that the court may "upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." The trial court, under the circumstances hereof, had jurisdiction to grant leave to the Board to file the transcript after expiration of the time. Although the Board did not expressly seek such an extension, it contended that its order should not be reversed for the untimely filing.

There is no statutory basis for the trial court's reversing the order for the late filing of the transcript. However, the

same result may well ensue from an orderly procedure. The transcript had been filed and was before the trial court. However, where the transcript is not timely filed in accordance with mandatory statutory provisions, the trial court may within the exercise of its discretion order such transcript, not filed within rule, stricken from the record. On the other hand, the trial court may, within the exercise of its discretion, allow the late filing where excusable neglect is demonstrated. Once the certified transcript on appeal is stricken from the record, it becomes quite obvious that the record on appeal does not demonstrate the decision of the Board to be supported by reliable, probative, and substantial evidence. In other words, in determining this issue, the court examines the record before it. If there be no record before it, obviously, the decision is not supported by sufficient evidence. Under these circumstances, the trial court may properly reverse where no transcript has been timely filed. However, such reversal is not strictly speaking a sanction for untimely filing but, rather, the natural result of the failure to have a timely filed transcript of the record.

In this case, however, as indicated above, the Board did not expressly seek leave to make an untimely filing. Rather, the Board contended that the statutory requirement was not mandatory. With this, we disagree.

However, the trial court did not exercise its discretion whether to strike the transcript from the record or whether to allow the filing upon the grounds that excusable neglect existed for the Board's failure to make a timely filing. The shortcut taken by the trial court was erroneous. The motion for summary judgment should have been overruled, unless the trial court first determined to order the transcript stricken from the record and then proceeded to review the appeal upon that basis.

For the foregoing reasons, the assignment of error is sustained. The judgment of the Court of Common Pleas of Franklin County is reversed and this cause is remanded to that court for further proceedings in accordance with law, consistent with this decision.

*Judgment reversed*
*and cause remanded.*

REILLY and McCORMAC, JJ., concur.