NAME BRAND FURNITURE WAREHOUSE, INC., APPELLANT, *v.* CUYAHOGA COUNTY BOARD OF REVISION ET AL., APPELLEES.

(No. 52192—Decided June 15, 1987.)

*Fred Siegel Co., L.P.A., Fred Siegel* and *Karen H. Bauernschmidt,* for appellant.

*Armstrong, Gordon & Mitchell, Michael L. Gordon* and *Timothy J. Armstrong,* for appellee Cleveland Board of Education.

*John T. Corrigan,* prosecuting attorney, *Saundra Curtis Patrick* and *Timothy Kollin,* for appellees Cuyahoga County Board of Revision and Auditor.

MARKUS, C.J. A tenant agreed to pay the landlord all taxes for the leased property. The tenant's corporate subtenant, who undertook to pay the tenant those taxes beyond a base amount, complained that the auditor had overvalued the property. The local board of education asserted that the auditor undervalued it. When the board of revision declined to change the valuation, the subtenant appealed to the common pleas court. The subtenant attached the challenged order, which identified the subtenant and the landowner, to its notice of appeal.

The board of education moved the common pleas court to dismiss the subtenant's appeal, on the ground that the subtenant lacked standing to appeal. In response, the subtenant moved to join or substitute the landowner as the appellant. The subtenant supported its motion with an affidavit that the landowner authorized it to challenge the tax valuation in the landowner's name. The common pleas court denied the subtenant's motion and dismissed the appeal.

On its further appeal to this court, the subtenant asserts in nine assignments of error: (a) it had standing to challenge the tax valuation before the board of revision and the common pleas court, and (b) the trial court improperly refused the amendment which eliminated any infirmity in the subtenant's appeal. We address the assignments collectively. We disagree with its first contention, but agree with the latter contention. Hence, we reverse the trial court's dismissal and remand the case for consideration of the merits.

## I

A tax assessment creates a lien on the described real property. It imposes no personal obligation for the landowner or anyone else to pay the tax. *Southern Ohio Savings Bank & Trust Co.* v. *Bolce* (1956), 165 Ohio St. 201, 208-209, 59 O.O. 290, 294, 135 N.E. 2d 382, 387; *Howard* v. *Dor El Realty Co.* (1969), 20 Ohio App. 2d 191, 193-194, 49 O.O. 2d 279, 280, 253 N.E. 2d 304, 306. Consequently, the owner's interest in the property's tax valuation results from the potential lien and possible foreclosure of the owner's title to the property.

Ordinarily, a tenant has no standing to file a complaint about the tax valuation for real property it occupies. But, cf., *McCrory Corp.* v. *Bd. of Revision* (Mar. 12, 1985), BTA No. 83-A-43, unreported (contrary rule for complaints filed before 1984 amendment to R.C. 5715.19, if tenant required to pay taxes). Where the tenant holds under a very long-term renewable lease, the tenant may have a titleholder's interest in a possible lien and foreclosure on the property. Cf. *Park Investment Co.* v. *Bd. of Revision* (1962), 115 Ohio App. 523, 21 O.O. 2d 170, 179 N.E. 2d 784; *Trebmal Construction, Inc.* v. *Cuyahoga Cty. Bd. of Revision* (1986), 29 Ohio App. 3d 312, 29 OBR 411, 505 N.E. 2d 290.

However, the tenant acquires no greater right to contest property tax valuation from a contractual duty to pay the landowner's taxes for that property. Cf. *Public Square Tower One*

v. *Cuyahoga Cty. Bd. of Revision* (1986), 34 Ohio App. 3d 49, 516 N.E. 2d 1280 (seller who held title at the beginning of the tax year, with a contract liability for a portion of the taxes for that year, has no standing after he transfers title to challenge that year's tax valuation).

The subtenant's lease was scheduled to expire on August 31, 1985, subject to an option for a single five-year renewal. On March 27, 1985, the subtenant filed its complaint for the 1984 tax year with the auditor, for consideration by the county board of revision. Effective July 2, 1984, R.C. 5715.19(A) provided in pertinent part:

"Any person owning taxable real property in the county or in a taxing district with territory in the county, the board of county commissioners, the prosecuting attorney or treasurer of the county, the board of township trustees of any township with territory within the county, the board of education of any school district with any territory in the county, or the mayor or legislative authority of any municipal corporation with any territory in the county may file such a complaint regarding any such [tax valuation] determination affecting any real property in the county * * *."

When the subtenant filed its complaint for the 1984 tax year, this statute afforded it no such remedy. However, neither the board of revision nor any adverse party challenged the subtenant's standing before the board of revision. Thus, that procedural defect was waived. Cf. *Claxton* v. *Simons* (1963), 174 Ohio St. 333, 22 O.O. 2d 386, 189 N.E. 2d 62, paragraph three of the syllabus.

The board of education did contest the subtenant's right to appeal the property's valuation to the common pleas court. R.C. 5717.05 authorizes appeals from the board of revision to the common pleas court. It provides in part:

"As an alternative to the appeal provided for in section 5717.01 of the Revised Code [appeals to the board of tax appeals], an appeal from the decision of a county board of revision may be taken directly to the court of common pleas of the county by the person in whose name the property is listed or sought to be listed for taxation. * * *"

Here again, the section affords no right of appeal for a tenant or a subtenant. Cf. *Frederick Building Co.* v. *Bd. of Revision* (App. 1964), 93 Ohio Law Abs. 319, 29 O.O. 2d 265, 195 N.E. 2d 820. Therefore, absent any procedural remedy for this apparent defect, the common pleas court could have properly dismissed the subtenant's appeal.

## II

The auditor and the school board rely on early cases that preclude an amendment to cure a defective appeal. *American Restaurant & Lunch Co.* v. *Glander* (1946), 147 Ohio St. 147, 34 O.O. 8, 70 N.E. 2d 93; *Frederick Building Co.* v. *Bd. of Revision, supra.* However, more recent decisions confirm the adequacy of an appeal, if the notice sufficiently advises all adverse parties of the order being challenged. *E.g.*, *Mullins* v. *Whiteway Mfg. Co.* (1984), 15 Ohio St. 3d 18, 15 OBR 15, 471 N.E. 2d 1383 (claimant's workers' compensation appeal valid despite failure to designate date of challenged order); *Fisher* v. *Mayfield* (1987), 30 Ohio St. 3d 8, 30 OBR 16, 505 N.E. 2d 975 (claimant's workers' compensation appeal valid despite designation of non-appealable order rather than order actually challenged).

Further, more recent cases permit amendments to cure appeal defects, if they do not unfairly prejudice the appellees' interests. *E.g.*, *Maritime Manufacturers, Inc.* v. *Hi-Skipper Marina* (1982), 70 Ohio St. 2d 257, 24 O.O. 3d 344, 436 N.E. 2d 1034 (appellant can amend a notice of appeal

from the denial of a motion for new trial to add an appeal from the final judgment).

The appellant could not later add additional adverse parties, which it failed to notify by its original notice within the time allowed for an appeal. *Park Investment Co.* v. *Cuyahoga Cty. Bd. of Revision* (Jan. 29, 1981), Cuyahoga App. No. 42518, unreported. If it omitted an essential adverse party from its appeal, it could not cure that defect after the time for an appeal had expired. *Id.*; cf. *Holland* v. *Carlson* (1974), 40 Ohio App. 2d 325, 332, 69 O.O. 2d 299, 303-304, 319 N.E. 2d 362, 367 (same rule for will contest cases).

However, there is no reason why the appellant should not cure its defective appeal by exercising its right to act in the landowner's name. That change would not unfairly prejudice the appellees who received timely notice that the appellant challenged the property's valuation. Cf. *Maritime Manufacturers, Inc.* v. *Hi-Skipper Marina, supra; Toth* v. *Bd. of Review* (1962), 116 Ohio App. 258, 262-263, 89 Ohio Law Abs. 583, 588, 22 O.O. 2d 83, 85, 183 N.E. 2d 462, 464.

Contrary to the subtenant's assertion, the landowner did not assign its procedural rights, which are not assignable. The parties' private agreement did not transfer standing. Cf. *Public Square Tower One* v. *Cuyahoga Cty. Bd. of Revision, supra.* Rather, the landowner authorized the subtenant to act in the landowner's name and stead. If timely utilized, the subtenant could properly employ that authority.

Civ. R. 17(A) reinforces the subtenant's right to correct its deficient appeal. Since the landowner was the "real party in interest," the court should have permitted the subtenant to join or substitute the landowner, before dismissing the appeal. Civ. R. 1(C) does not render Civ. R. 17 inapplicable to proceedings pursuant to R.C. 5717.05, even though they are "upon appeal" and "special statutory proceedings."

Civ. R. 17 is not by its nature "clearly inapplicable" to such actions. Cf. *Richmond* v. *Bd. of Review* (1979), 64 Ohio App. 2d 243, 245, 18 O.O. 3d 180, 182, 412 N.E. 2d 418, 420; *Harshaw* v. *Farrell* (1977), 55 Ohio App. 2d 246, 247, 9 O.O. 3d 387, 380 N.E. 2d 749, 750. Indeed, Civ. R. 17 facilitates the statutory purpose of R.C. 5717.05, by permitting appeals by the proper party. Cf. *Columbus Apartments Assoc.* v. *Franklin Cty. Bd. of Revision* (1981), 67 Ohio St. 2d 85, 89-90, 21 O.O. 3d 54, 57, 423 N.E. 2d 147, 150. Hence, it applies to such proceedings. See Civ. R. 1(C).

A failure to name the real party in interest as the plaintiff is not a jurisdictional defect. *Todd* v. *Jones* (June 24, 1982), Cuyahoga App. No. 44255, unreported; *Mikolay* v. *Transcon Builders, Inc.* (Jan. 22, 1981), Cuyahoga App. No. 42047, unreported. Hence, a rule which permits the correction of that non-jurisdictional error does not improperly expand the trial court's jurisdiction over such cases. See Civ. R. 82.

## III

Finally, the subtenant argues that procedures which deny its ability to challenge unfair taxes are constitutionally defective. We need not consider those contentions, when other rulings resolve the dispute, particularly when the subtenant raises them for the first time on appeal. *Cuyahoga Falls* v. *Bowers* (1984), 9 Ohio St. 3d 148, 151, 9 OBR 438, 441, 459 N.E. 2d 532, 535; *Greenhills Home Owners Corp.* v. *Greenhills* (1966), 5 Ohio St. 2d 207, 34 O.O. 2d 420, 215 N.E. 2d 403, paragraph one of the syllabus. However, we note that due process does not require the state to grant nonowners a right to challenge property

taxes. Cf. *Londoner* v. *Denver* (1908), 210 U.S. 373, 385.

IV

We sustain the assigned errors pertaining to the trial court's refusal to allow substitution of parties; we overrule the remaining assignments. Accordingly, we reverse the trial court's dismissal of the appeal from the board of revision. We remand the case to the trial court with instructions to permit the subtenant to substitute the landowner as the appellant, and to proceed with its consideration of the merits of that appeal.

*Judgment reversed and cause remanded.*

ANN MCMANAMON and PATTON, JJ., concur.