OPINION
Defendant-appellant Springfield City School District Board of Education, (the Board of Education), appeals from a judgment of the Clark County Court of Common Pleas wherein the Court reversed a decision of the Clark County Board of Revision that had upheld the county auditor's determination regarding the valuation of real property for tax purposes. The Board contends that standing to contest the auditor's valuation was not established either in the proceedings in the Board of Revision or in the proceedings in the common pleas court. Therefore, the Board of Education contends that the administrative appeal should have been dismissed. In the alternative, the Board of Education contends that the common pleas court erred in its valuation of the subject property and that this court should review the evidence and enter an appropriate value for the property.
We conclude that the issue of standing, while properly raised, hinges upon factual determinations that were not addressed in the proceedings before the Board of Revision or the common pleas court. Therefore, we cannot say, based upon the record before us, that standing was lacking. Additionally, we cannot say that the trial court abused its discretion in regard to its determination of the value of the subject property. Accordingly, the judgment of the trial court is Affirmed.
 I
Security Community Urban Redevelopment Corporation ("Urban Redevelopment") filed a complaint, pursuant to R.C. 5715.19 and 5715.13, with the Clark County Board of Revision ("BOR") on March 31, 1997. The complaint contested the county auditor's valuation of Urban Redevelopment's property located in Springfield. The auditor had assessed a value of $3,332,800 while Urban Redevelopment alleged a valuation of $1,300,000. The Board of Education filed a counter-complaint alleging that the auditor's valuation was correct.
A hearing was held before the BOR in May, 1997. At the hearing, Urban Redevelopment presented an appraisal estimating the value of the property to be $1,450,000. The appraiser testified at the hearing. A decision was rendered by the BOR in June, 1997 wherein it affirmed the value as set by the county auditor.
Urban Redevelopment thereafter filed an appeal with the Clark County Common Pleas Court pursuant to R.C. 5717.05. The trial court granted the parties the right to submit additional evidence regarding the value of the property. Both parties submitted appraisals. Thereafter, on June 29, 1998, plaintiff-appellee, Security National Bank Trust Co. ("Security National Bank") filed a motion to intervene and Urban Redevelopment filed a motion for substitution of parties. The motion was based upon the claim that on April 2, 1997, after the complaint was filed with the BOR, the subject property was transferred by Urban Redevelopment to Security National Bank.[1] The Board of Education did not raise any objection, and the trial court permitted Security National Bank to intervene as the real party in interest.
The parties submitted briefs to the trial court. The two appraisals submitted by Security National Bank set the value of the property at $1,450,000 and $1,277,000, while the appraisal submitted by the Board of Education established a value of $2,200,000. The trial court issued a decision in November, 1998 setting the value of the property at $1,600,000 as of the tax lien date of January 1, 1996. From this decision, the Board of Education appeals.
 II
The First and Second Assignments of Error state as follows:
 URBAN REDEVELOPMENT CORP. LACKED STANDING TO INVOKE THE JURISDICTION OF THE CLARK COUNTY BOARD OF REVISION.
 URBAN REDEVELOPMENT CORP. LACKED STANDING AND WAS NOT A PROPER PARTY TO PERFECT AN APPEAL TO THE COMMON PLEAS COURT PURSUANT TO R.C. 5717.05.
The Board of Education contends that Urban Redevelopment lacked standing to challenge the county auditor's assessment at either the BOR or the common pleas court level. The Board also claims that Security National Bank should not have been allowed to intervene, or be substituted as a party, at the common pleas court level. Therefore, the Board contends that the judgment of the trial court should be reversed and this cause should be remanded to the BOR with instructions to dismiss the complaint.
We turn first to the issue of standing at the BOR level. "The two statutes of primary importance when considering the standing of a party to file a complaint for a decrease in valuation with a board of revision are R.C. 5715.19 and 5715.13."Soc. Nat'l Bank v. Wood Cty. Bd. of Revision (1998), 81 Ohio St.3d 401,402.[2] R.C. 5715.19(A)(1) provides in pertinent part as follows:
 Any person owning taxable real property in the county or in a taxing district with territory in the county * * * may file such a complaint regarding any such determination affecting any real property in the county.
The Board of Education concedes that Urban Redevelopment satisfied the standing requirement of R.C. 5715.19 because it owned the property at the time the complaint was filed. See Soc.Nat'l Bank, supra, at 403 (standing is restricted to persons owning taxable real property in the county).
Therefore, the issue we are faced with is whether Urban Redevelopment satisfied the standing requirement of R.C. 5715.13, which provides:
 The county board of revision shall not decrease any valuation complained of unless the party affected thereby or his agent makes and files with the board a written application * * *
The question then becomes whether Urban Redevelopment was an affected party or an agent of Security National Bank and whether it had standing.
Security National Bank argues that the standing issue was waived by the failure to raise it at the BOR and the common pleas court, the first opportunities to challenge standing. The Board of Education argues that standing cannot be waived because it is jurisdictional. We agree with the Board of Education. The Ohio Supreme Court has stated that "* * * the issue of standing, inasmuch as it is jurisdictional in nature, may be raised at any time during the pendency of the proceedings." Buckeye Foods v.Cuyahoga Cty. Bd. of Revision (1997), 78 Ohio St.3d 459, 460, quoting New Boston Coke Corp. v. Tyler (1987), 32 Ohio St.3d 216,218. Therefore, we find that this matter is properly raised for the first time on appeal.
However, we find this case distinguishable. In both BuckeyeFoods and New Boston Coke, the resolution of the issue of standing was readily apparent from the record. In other words, there was evidence in the record in both of those cases which clearly supported a finding that the parties lacked standing. In this case, we cannot make a determination regarding standing from the record before us. The issue of whether Urban Redevelopment was an agent of Security National Bank revolves upon factual issues that were not addressed either in the proceedings before the BOR or in the proceedings before the common pleas court. Therefore, while we cannot say that an agency existed, we also cannot rule it out. Likewise, we cannot determine whether Urban Redevelopment was an affected party. It is possible that it was responsible for paying the 1996 taxes which would, in our opinion, render it an affected party. Again, since this matter was not raised at the BOR, no facts were developed either to support or to undermine Urban Redevelopment's claim that it had the requisite standing. Regularity in the proceedings of a trial court must be presumed in the face of a silent record.
To illustrate the absurdity of a contrary result, consider the following hypothetical. A sues B for breach of contract, goes to trial, proves his case, and recovers a judgment. When A tries to collect his judgment, B collaterally attacks it by pointing out that A failed to establish that he had standing to sue because he failed to prove that he had not assigned his claim to another. It would be absurd to hold that because A failed to prove, conclusively, that he had standing to sue, his judgment is void. Where standing is not challenged at the trial level, and the absence of standing is not established in the record, as it was inBuckeye Foods, supra, for example, standing may be presumed.
We next turn to the issue of whether Urban Redevelopment had standing to appeal the decision of the BOR to the common pleas court. The statute which provides authority for such an appeal, R.C. 5717.05, requires that the party filing the appeal be the "person in whose name the property is listed or sought to be listed for taxation." The Board of Education contends that Urban Development was not listed as the party owning the property because it had transferred the property to Security National Bank.
Again, this issue was not raised or preserved at the common pleas level. Therefore, no evidence was adduced to indicate whether Urban Redevelopment was in fact listed on the tax roll. See, Suburban Nursing and Mobile Homes, Inc. v. Rhodes (Aug. 1, 1997), Hamilton App. No. C-960949, unreported (frequently there is more than one party in whose name the property is listed for taxation). Thus, we cannot say that Urban Redevelopment lacked the requisite standing.
Finally, we address the Board of Education's claim that Security National Bank should not have been permitted to intervene at the common pleas level. The Board of Education argues that the intervention did not occur until after the time for filing the notice of appeal had expired, and thus, the failure to join Security National Bank as a necessary party could not be corrected. In support, the Board of Education cites ReubenMcMillan Free Library Ass'n v. Mahoning Cty. Budget Commission
(1963), 175 Ohio St. 191 for the proposition that where "* * * a statute provides that certain parties are necessary to an appeal, such parties must be joined before the time for filing the appeal has lapsed, otherwise such appeal must fail."
In Reuben, the City of Youngstown filed an appeal contesting the findings of the Board of Tax Appeals in regard to the allocation of the county undivided classified property tax fund.Id., at 192. Numerous libraries and political subdivisions were included in the allocation and were thus affected by the decision of the Board of Tax Appeals. Id. However, the City failed to include many of the affected parties as appellees in the appeal.Id. Therefore, parties with a valid interest in the outcome of the appeal were not put on notice that the City was seeking a ruling that was possibly adverse to those parties. This action effectively prevented the parties from protecting their interests. The Supreme Court held that since strict compliance with respect to appeals provided for in R.C. Chapter 5717 is mandated, the failure to join necessary parties prior to the expiration of the time for the filing of an appeal is reason for the dismissal of the appeal. Id., at 194.
We also note that this court has followed the holding inReuben in regard to the joinder of appellees as necessary parties. See, Huber Heights Circuit Courts v. Carne (June 29, 1994), Montgomery App. No. 14378, unreported, affirmed 74 Ohio St.3d 306. In Huber Heights, we found that pursuant to R.C.5717.05 appeals from the BOR to the common pleas court require that the county auditor and all parties to the proceedings before the BOR be made appellees, and notice of the appeal shall be served upon them by certified mail unless waived. We found that "[t]he right to a notice of appeal from a legal proceeding to which someone is a party is a fundamental due process right where it has been conferred by law, and it would be pure mischief in our judicial system to allow parties whose substantial interest[s] have been litigated to find out later that their issues have been appealed unbeknownst to them." Id.
We find Reuben and Huber Heights distinguishable from the case before us. All adverse parties were included as appellees to the appeal. There is no allegation of, nor are we aware of, prejudice to the Board of Education by reason of the intervention. It is clear that the Board of Education was placed on notice that the valuation of the subject property was being appealed. Furthermore, the common pleas court, while not required to conduct a trial de novo from the decision of the BOR, may consider additional evidence. Black v. Bd. of Revision (1985), 16 Ohio St.3d 11. Therefore, had the Board of Education felt that it was necessary to submit additional evidence to protect its interests once Security National Bank was permitted to intervene, it could have done so. However, the Board of Education did not object to the intervention, and does not, on appeal, contend that the intervention affected its litigation of this matter. Finally, all parties with an interest in the appeal adverse to those of Urban Redevelopment and Security National Bank were on notice and were able to protect their interests.
We find this case more closely aligned with the facts in NameBrand Furniture Warehouse, Inc. v. Cuyahoga Cty. Bd. of Revision
(1987), 41 Ohio App.3d 47, wherein the court of appeals permitted a property subtenant to substitute the landowner as the appellant. In that case, the court stated that the subtenant could not have added an "essential adverse party" after its time for appeal had expired, but could amend its appeal to include non-adverse parties if they do not unfairly prejudice the appellee's interests. Id., at 49-50. The court found that an appeal will be found adequate if the notice sufficiently advises all adverse parties of the order being challenged. Id., at 49.
The issue of whether Urban Redevelopment had standing to pursue this matter before the BOR and the common pleas court is not determinable from the record before us. Therefore, we will presume regularity in the proceedings, and find that it did not lack the requisite standing. We further find that the intervention of Security National Bank as a real party in interest was not prejudicial to the Board of Education. Accordingly, the First and Second Assignments of Error are overruled.
 III
The Third Assignment of Error is as follows:
 THE TRIAL COURT COMMITTED ERROR IN ASSIGNING A VALUE OF $1,600,000 TO THE REAL PROPERTY. THE TRIAL COURT'S DECISION IS ARBITRARY AND IS NOT BASED UPON RELIABLE AND PROBATIVE EVIDENCE.
The Board of Education contends that the trial court acted in an arbitrary and unreasonable manner by relying upon the appraisals submitted by Urban Redevelopment. In support, it contends that there were flaws with the appraisals. The Board of Education further argues that the trial court should have adopted the county auditor's valuation or that set forth in the appraisal submitted by the Board.
"The common pleas court is not required to adopt the valuation of any witness, but is instead vested with wide discretion to determine the weight of the evidence and credibility of the witnesses." Murray Co. Marina, Inc. v Erie Cty. Bd. ofRevision (1997), 123 Ohio App.3d 166, 173, citing, StrongsvilleBd. of Edn. V. Cuyahoga Cty. Bd. of Revision (1997), 77 Ohio St.3d 402,408. Also, "a common pleas court is not required to adopt an appraisal methodology espoused by any expert or witness." Id., citing Youngstown Sheet Tube Co. v. Mahoning Cty. Bd. ofRevision (1981), 66 Ohio St.2d 398, paragraph one of the syllabus. The standard of review in this case is whether the common pleas court abused its discretion in determining the valuation of the property. Black v. Cuyahoga Cty. Bd. of Revision (1985), 16 Ohio St.3d 11,14.
In this case, the trial court stated that it had considered the evaluations set forth in the three submitted appraisals, and found that the evidence established that the value of the property was "well below the Auditor's valuation." The trial court also stated that "using the composite of the salient points of each evaluation submitted, [it found] that the subject property [had] a value of $1,600,000 as of January 1, 1996."
We note that although the Board of Education complains that the trial court relied on the appraisals submitted by Security National Bank despite obvious flaws with the evaluations, there is no indication from the trial court's decision that it was not aware of those flaws, or that it failed to take those flaws into consideration when determining the value of the property. It is clear that the trial court placed a higher value on the property than that established in either of Security National Bank's appraisals.
"When questions of fact are tried by a court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise * * * in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law." Civ.R. 52. The Board of Education failed to request findings of fact pursuant to Civ.R. 52. Therefore, we will follow the presumption that the finding of the trial court is correct. Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 79-80.
The Third Assignment of Error is overruled.
 IV
All of the Board of Education's assignments of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN, and KERNS, JJ., concur.
(Honorable Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Robert A. Wineberg
Robert M. Morrow
Hon. Gerald Lorig
[1] According to the record, Urban Redevelopment is a wholly-owned subsidiary of Security National Bank.
[2] In dealing with this issue, we address these statutes as they existed at the time this case was heard by the BOR.