BUCKEYE UNION CASUALTY CO. et, Plaintiffs-Appellants, v. BIETE, Defendant-Appellee.

Ohio Appeals, Tenth District, Franklin County.

No. 5701.  Decided June 10, 1958.

Shoemaker, George & Passmore, H. Keith Passmore, of Counsel, Columbus, for plaintiffs-appellants.

R. Patrick West, Columbus, for defendant-appellee.

## OPINION

Per CURIAM.

This is an appeal on questions of law based upon two assignments of error, which are as follows:

1. Error in the trial court's charge to the jury.

2. The verdict of the jury was contrary to law and against the weight of the evidence.

Concerning the first assignment of error, we wish to point out the following from the court's charge, found in the Bill of Exceptions, Page 67, beginning at the last paragraph:

"Now, if you find from the evidence that Mr. Biete was approaching this intersection and he failed to yield the right of way to a vehicle approaching from his right he was negligent; that is, negligent providing the vehicle from the right is proceeding in a lawful manner. If the vehicle of the plaintiffs, which in this case was approaching from the

defendant's right, was not proceeding in a lawful manner then Mr. Biete was not guilty of negligence in failing to yield the right of way. I repeat, if you find by a preponderance of all the evidence that the defendant, Mr. Biete in this case, was negligent and that his negligence was the proximate cause of the damage to Mr. Bennett's car, you will return a verdict in favor of the plaintiffs. If the plaintiffs have failed to sustain that burden by a preponderance of the evidence your verdict should be for the defendant."

We also wish to point out the following from the court's charge found in the Bill of Exceptions, Page 69, beginning at the last paragraph:

"I charge you further that the sole issue of negligence in this case is the negligence of Mr. Biete. Mr. Bennett was not operating his motor vehicle, and so any negligence on the part of his stepson, who was the operator, is not imputable to Mr. Bennett; so Mr. Bennett's claim cannot be defeated by contributory negligence on the part of Mr. Oberer who was driving his motor vehicle."

Note: Before correction by the judge, the third from last line read, "although Mr. Bennett's claim can be defeated by * * *." (Emphasis ours.)

The case, as finally submitted to us, contains the charges as set forth above. We believe they are correct statements of the law relating to right of way and negligence when considered in connection with the evidence before the trial court and upon which the jury in that case had to pass. We are bound by the record as it comes to us, certified by the trial judge in this case, especially after an opportunity was given for the trial court to determine whether there should be any diminution or correction of the Bill of Exceptions. If one will read the last sentence above quoted from Pages 69 and 70, it would seem in all fairness to the trial judge that the portion of the sentence following the semicolon would have, in fact, been given as it now stands, else he would not have used the language found in the portion of the sentence before the semicolon. It makes sense as the judge certified it; in any event, as indicated above, we are bound by the record as it comes to us. Therefore, the first assignment of error is not well taken.

On the question of the weight of the evidence raised by the second assignment of error, we feel that a jury, considering all the evidence in the record, was warranted in reaching the conclusion that it did and finding on the issues joined for the defendant. Based upon this record, we do not feel that the verdict of the jury was contrary to the law and the weight of the evidence. We conclude that the second assignment of error is not well taken. The judgment of the trial court will, therefore, be affirmed.

Judgment affirmed.

PETREE, PJ, BRYANT and MILLER, JJ, concur.