THE STATE, EX REL. OHIO CIVIL RIGHTS COMMISSION, APPELLEE, v. GUNN, APPELLANT.

[Cite as State, ex rel. Civil Rights Comm., v. Gunn (1976), 45 Ohio St. 2d 262.]

(No. 75-541—Decided March 17, 1976.)

*Mr. William J. Brown,* attorney general, *Mr. Andrew J. Ruzicho, Mr. Earl M. Manz* and *Mr. Gene W. Holliker,* for appellee.

*Messrs. Buckingham, Doolittle & Burroughs, Mr. Edward C. Kaminski* and *Mr. David H. Shaffer,* for appellant.

HERBERT, J. Appellant contends that a proceeding to enforce a subpoena *duces tecum* issued by the Civil Rights Commission, pursuant to R. C. 4112.04(B)(6), is governed by the Rules of Civil Procedure and, therefore, must be commenced by the filing of a complaint and issuance of summons.

R. C. 4112.04(B)(6) states:

"In case of contumacy or refusal to obey a subpoena, the commission or person at whose request it was issued may petition for its enforcement in the Court of Common Pleas in the county in which the person to whom the subpoena was addressed resides, was served, or transacts business."

The scope of the Civil Rules is found in Civ. R. 1, which provides, in subsection (A):

"These rules prescribe the procedure to be followed in all courts of this state in the exercise of civil jurisdiction at law or in equity, with the exceptions stated in subdivision (C) of this rule."

Subsection (C) states:

"These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * (7) in all other special statutory proceedings * * *."

We agree with the view of both lower courts that an action to enforce a subpoena *duces tecum* under R. C. 4112.-04(B)(6) constitutes a "special statutory proceeding" within the meaning of Civ. R. 1(C)(7). Hence, our inquiry must focus upon whether the nature of such an action renders the Civil Rules "clearly inapplicable."

In *Cudahy Packing Co.* v. *National Labor Relations Board* (C. A. 10, 1941), 117 F. 2d 692, the NLRB had obtained an order from a district court compelling compliance with a subpoena *duces tecum* it issued to Cudahy.[1] On appeal, Cudahy asserted that the suit to enforce the subpoena must be initiated by the filing of a complaint and issuance of process; however, the court rejected that argument and stated at page 694:

"The company's contention that a suit to enforce obedience to a subpoena must be begun by the filing of a complaint and issuance of process is not borne out by the act. The act specifically provides that upon refusal to obey a subpoena the board may file an application with the proper district court and thereupon the court shall have jurisdiction to issue to such person an order requiring him to appear before the board and to produce evidence touching the matter under investigation or in question."

In *Goodyear Tire & Rubber Co.* v. *National Labor Relations Board* (C. A. 6, 1941), 122 F. 2d 450, 451, the court stated:

"* * * We agree with the district court that the proceedings plainly are of a summary nature not requiring

---

[1] The order was issued pursuant to Section 161(2), Title 29, U. S. Code, which states:

"In case of contumacy or refusal to obey a subpoena issued to any person, any district court of the United States * * * within the jurisdiction of which the inquiry is carried on or within the jurisdiction of which said person guilty of contumacy or refusal to obey is found or resides or transacts business, upon application by the board shall have jurisdiction to issue to such person an order requiring such person to appear before the board, its member, agent, or agency, there to produce evidence if so ordered, or there to give testimony touching the matter under investigation or in question * * *."

the issuance of process, hearing, findings of fact, and the elaborate process of a civil suit. * * *

"* * * Obviously, if the enforcement of valid subpoenas, the issuance of which is a mere incident in a case, were to require all of the formalities of a civil suit, the administrative work of the board might often be subject to great delay."

The concern of the *Goodyear* court regarding delay was reiterated by the Supreme Court of Colorado in *People* v. *District Court* (1968), 164 Colo. 385, 435 P. 2d 374. There, after the state Commissioner of Agriculture obtained a court order directing compliance with a subpoena, the order was quashed because of the commissioner's failure to file a complaint and issue process.² In finding that the order to quash was erroneous, the court noted that an enforcement proceeding under the statute was not an independent judicial proceeding, but was merely ancillary to the prior issuance of a subpoena by the commissioner and, at page 392, stated:

"* * * Our study of C. R. S. 1963, 7-3-19(3) convinces us that the legislature did not intend to make a so-called 'federal case' out of the effort of * * * [the commissioner] to get an order of court that Tepper comply with its subpoena. To the contrary, in our view, by the very language it used the legislature intended that the procedure should be rather summary in nature. Certainly, if * * * [the commissioner's] request is to be treated in all respects as an ordinary civil proceeding, a recalcitrant witness, such as

---

²The order was issued pursuant to C. R. S. 1963, 7-3-19(3), which provided, in part:

"* * * Upon failure or refusal of any witness to obey any subpoena, the commissioner may petition the district court, and upon proper showing, the court may enter an order compelling the witness to appear and testify or produce documentary evidence. Failure to obey the order of court shall be punishable as a contempt of court."

Colorado Civ. R. 81(A) states that:

"* * * These rules do not govern procedure and practice in any special statutory proceeding insofar as they are inconsistent or in conflict with the procedure and practice provided by the applicable statute."

Tepper, could, as he has, slow down to a virtual standstill the operation of this particular administrative agency by taking advantage of the law's well known delay. If the legislature intended that such proceeding was to be handled as just another civil proceeding, it could have said so. But it did not, and from the language of the statute itself, it is apparent to us that the legislature intended to provide a simplified procedure for the judicial enforcement of administrative subpoenas."

In the case at bar, the commission's position is buttressed by the provisions of Civ. R. 1(B) and R. C. 4112.08.

Civ. R. 1(B) states:

"These rules shall be construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice."

R. C. 4112.08 provides, in part:

"The provisions of Sections 4112.01 to 4112.08 of the Revised Code, shall be construed liberally for the accomplishment of the purposes thereof and any law inconsistent with any provision hereof shall not apply."

To render the enforcement provisions of R. C. 4112.04 (B)(6) subject to the complaint and summons requirements of the Civil Rules would be contrary to the above mandates; such a result would cause significant delay in the commission's investigatory process[3] and, in so doing, would frustrate its statutory duty of eliminating unlawful discriminatory practices. Additionally, as in *Cudahy Packing Co.* and *District Court, supra,* proceedings under R. C. 4112.-04(B)(6) are ancillary to the commission's exercise of its investigatory function.

In view of all of the foregoing, it is our conclusion

---

[3]The necessity of a civil action to enforce a subpoena under R. C. 4112.04(B)(6) would require the filing of a complaint and service of summons (Civ. R. 3[A] and 4), and the defendant would be given 28 days in which to answer (Civ. R. 12[A][1]). The unwilling party could further delay the investigatory process through the use of motions which are permitted under the Civil Rules, and by filing appeals or other actions which, although subsequently dismissed, would consume potentially valuable time.

that the Civil Rules are not applicable to subpoena *duces tecum* proceedings under R. C. 4112.04(B)(6), insofar as they require the filing of a complaint and issuance of summons, and that summary enforcement was contemplated by the General Assembly. Thus, upon refusal to obey a subpoena *duces tecum* issued by the Civil Rights Commision, the commission may petition the Court of Common Pleas for summary enforcement of the subpoena, pursuant to R. C. 4112.04(B)(6), without filing a complaint or causing issuance of summons.

Of course, as in all such cases, a subpoena *duces tecum* which is brought to a court for enforcement is subject to the requirements of pertinency to the issues being litigated and reasonableness as to the difficulty and cost of production of the material sought (*Cf.* Civ. R. 45 [B]); resolution of such questions is properly the subject of a hearing held pursuant to the show cause order mandated by the Court of Appeals.

*Judgment affirmed.*

O'NEILL, C. J., CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.