PRICE, APPELLEE, *v.* WESTINGHOUSE ELECTRIC
CORPORATION, APPELLANT; ADMINISTRATOR,
BUREAU OF WORKERS' COMPENSATION, APPELLEE.

(No. 81-1272—Decided June 9, 1982.)

*Mr. Jerry L. Riseling,* for appellee Price.
*Messrs. Cory, Leonard, Witter & Cheney* and *Mr. Frank B. Cory,* for appellant.
*Mr. William J. Brown,* attorney general, and *Mr. James E. Uprichard, Jr.,* for appellee Administrator.

*Per Curiam.* The issue presented in this case is the applicability of the Ohio Rules of Civil Procedure, in particular Civ. R. 56,[1] to proceedings brought under R. C. 4123.519.[2]

Critical to a resolution of this issue is the language of Civ. R. 1. In pertinent part, this rule provides that:

"(A) These rules prescribe the procedure to be followed in all courts of this state in the exercise of civil jurisdiction at law or in equity, with the exceptions stated in subdivision (C) of this rule.

"(B) These rules shall be construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice.

"(C) These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure (1) upon appeal to review any judgment, order or ruling, * * *."

Civ. R. 1 is clearly a rule of inclusion rather than exclusion. 4 Anderson's Ohio Civil Practice 46, Section 147.03. To the extent that the issue in question is procedural in nature, the Civil Rules should apply unless they are "clearly inapplicable." *Housing Authority* v. *Jackson* (1981), 67 Ohio St. 2d 129.

The issue raised by the present appeal is not novel. We have resolved the same question, albeit concerning different statutes and different rules, on a number of occasions. *Dir. of Highways* v. *Kleines* (1974), 38 Ohio St. 2d 317 (R. C. 5519.02 and 163.09 and Civ. R. 42[A]); *Sensenbrenner* v. *Crosby* (1974), 37 Ohio St. 2d 43 (R. C. 3719.47 and Civil Rules, in general). Moreover, it is clear that in certain instances some of the Civil Rules will be applicable while others will be clearly inapplicable. See, *e.g. State, ex rel. Civil Rights Comm.,* v. *Gunn* (1976), 45 Ohio St. 2d 262; *Zuljevic* v. *Midland-Ross* (1980), 62 Ohio St. 2d 116, 119. Applying this logic to the instant cause, it can be said that the service of process provisions, *e.g.,* of Civ. R. 4 to Civ. R. 4.6 would be "clearly inapplicable". However, it

[1] In pertinent part, Civ. R. 56 provides as follows:

"(B) A party against whom a claim * * * is asserted * * * may at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof * * *."

[2] In part, R. C. 4123.519 states:

"The claimant shall, within thirty days after the filing of the notice of appeal, file a petition * * *. Further pleadings shall be had in accordance with the Rules of Civil Procedure, provided that service of summons on such petition shall not be required."

does not necessarily follow that the remaining rules would also be clearly inapplicable.

Appellee Price contends that by use of the term "further pleadings" in R. C. 4123.519, the General Assembly intended to limit the applicability of the Civil Rules to those rules concerning pleadings, most particularly Civ. R. 7(A).

This argument assumes too much. While R. C. 4123.519 was enacted in 1955, the Civil Rules were not adopted until 1970. Also in 1970, the General Assembly repealed numerous statutes which were believed to conflict with the rules. However, in so doing, the General Assembly recognized the magnitude of the task and the possibility that it might fail to amend some statutes. "The failure to repeal or amend any other section establishes no evidence concerning its conflict with * * * [the Civil Rules]." 133 Ohio Laws 3017, 3021, Section 3. This statement is consistent with the philosophy of the courts of this state that "[t]he civil rules should be held to be clearly inapplicable only when their use will alter the basic statutory purpose for which the specific procedure was originally provided in the special statutory action." *State, ex rel. Millington,* v. *Weir* (1978), 60 Ohio App. 2d 348, 349. We find no such alteration if Civ. R. 56 is applied in this case.

Moreover, if Price's argument is adopted, none of the Civil Rules, other than perhaps Civ. R. 7, will be applicable to appeals under R. C. 4123.519. As a result, courts would be deprived of the entire panoply of procedures contained in the Civil Rules. To affirm the judgment of the Court of Appeals would essentially leave the Courts of Common Pleas in a procedural vacuum insofar as appeals under R. C. 4123.519 are concerned. Such a situation is foreign both to the intent of the General Assembly and the philosophy of the courts concerning the Civil Rules.

Accordingly, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

W. BROWN, Acting C. J., DOUGLAS, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.

DOUGLAS, J., of the Sixth Appellate District, sitting for CELEBREZZE, C. J.