J. C. SANSON, INC., APPELLEE, *v.* RODGERS; ADMINISTRATOR OF THE OHIO BUREAU OF EMPLOYMENT SERVICES, APPELLANT.

(No. 50147—Decided February 24, 1986.)

*Rex W. Post,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Rosalind T. Andress,* for appellant.

ANN McMANAMON, J. The Administrator of the Ohio Bureau of Employment Services ("the administrator") appeals a reversal by the common pleas court of unemployment benefits awarded to Barry L. Rodgers ("the claimant") by the Unemployment Compensation Board of Review.[1] J. C. Sanson, Inc. ("the employer" or "Sanson"), which successfully challenged the claimant's board-determined benefits, contends that the trial court's judgment followed a scheduled hearing in which the administrator failed to attend and was based on a record consisting of "the transcript in evidence."

For his first assignment of error, the administrator argues that the trial court should not have granted judgment without conducting proceedings beyond the filing of the administrative record by the board.

The court of common pleas exercises appellate review over board decisions pursuant to R.C. 4141.28(O). Once an appeal has been perfected by the filing in the common pleas court of (1) a timely notice of appeal, (2) a statement of the appellant's assignments of error, and (3) a board-certified transcript and record, "[t]he appeal shall be heard upon such record certified by the board."

Although all of these requirements

were met in the instant case, we are unable to conclude that the trial court, in fact, conducted its mandated appellate review.

In its brief to this court, the employer contends that the trial court set hearings for January 9, 1985 and March 18, 1985, at which the administrator did not appear. At the March 18 hearing, it is claimed that the court listened to oral arguments and based its reversal upon them as well as its "review of the record before it."

We cannot infer these activities from a silent record. The court made two entries in this case. The first, on January 9, 1985, reflects the scheduling of a pretrial for February 6, 1985. The court's second and final entry which is dated March 18, 1985 states: "Decision of B.E.S. Reversed (CR. 55) [*sic*]. s/John L. Angelotta"

The apparent import of the entry is that, by reason of the administrator's absence, a default judgment pursuant to Civ. R. 55 was entered by the court. Such an entry is properly made "when a defendant has failed to plead timely or otherwise defend a case such that the plaintiff's allegations are not at issue." *Reese* v. *Proppe* (1981), 3 Ohio App. 3d 103, 3 OBR 118, 443 N.E. 2d 992, at paragraph one of the syllabus. Clearly, this situation is not comparable to the posture of the parties to this appeal.

We are unable to conclude from the March 18 entry that a substantive review of the record from the board hearing was made by the trial court in compliance with the statute. According-

---

[1] The assignments of error are:

I

"It was error for the court below to grant judgment in favor of appellee in the absence of any proceedings other then [*sic*] the filing of the administrative record."

II

"The court erred in granting judgment

by default against appellant in the absence of application and notice, and contrary to Civil Rule[s] 55(A) and (D)."

III

"The court erred in reversing the decision of the * * * Board of Review, where such decision was supported by a preponderance of reliable, probative evidence."

ly, the administrator's first assignment of error is well-taken.

For his second assignment of error, the administrator urges that default judgment was improper, as the court incorrectly applied Civ. R. 55. We agree.

Civ. R. 1(C) expressly excepts procedures upon appeal to review any judgment, order, or ruling from the Rules of Civil Procedure, to the extent the rules "would by their nature be clearly inapplicable." However, the Supreme Court has delineated Civil Rule applicability in numerous administrative review situations. See *Price* v. *Westinghouse Electric Corp.* (1982), 70 Ohio St. 2d 131, 24 O.O.3d 237, 435 N.E. 2d 1114. These determinations are made on a case-by-case basis. See, *e.g., Price, supra* (summary judgment available in a workers' compensation appeal), and *Richmond* v. *Bd. of Review* (1979), 64 Ohio App. 2d 243, 18 O.O. 3d 180, 412 N.E. 2d 418 (Civ. R. 6[B] applicable to filing transcript in unemployment appeal). But, see, *Townsend* v. *Bd. of Bldg. Appeals* (1976), 49 Ohio App. 2d 402, 3 O.O. 3d 461, 361 N.E. 2d 271 (Civ. R. 6[E] inapplicable in appeal from board of building appeals).

Our disposition of the administrator's first assignment of error results from the inapplicability of Civ. R. 55 to a perfected appeal pursuant to R.C. 4141.28(O) in the common pleas court. We hold that the statute requires that the trial court reach the merits of the appeal, which shall be based upon the record certified by the board. This statutory mandate precludes a default judgment under Civ. R. 55.

It is the employer's position that there was no default judgment and that the court's review of the case was pursuant to R.C. 4141.28(O). The employer asks us to accept the court's notation of Civ. R. 55 in its judgment entry as a "clerical error." However, we are bound by the record as it comes to this court, certified by the trial judge. *Buckeye Union Casualty Co.* v. *Biete* (App. 1958), 81 Ohio Law Abs. 446, 162 N.E. 2d 210. Accordingly, the administrator's second assignment of error is well-taken.

For his third assignment of error, the administrator charges that the court erred in reversing the board's decision, which was "supported by a preponderance of reliable, probative evidence." This assignment is well-taken.

Pursuant to R.C. 4141.28(O), a trial court's review of board decisions is limited to the inquiry of whether the decision was unlawful, unreasonable, or against the manifest weight of the evidence. Based on our disposition of the Administrator's first two assigned errors, we are unable to conclude that this review was ever exercised.

We have, nevertheless, reviewed the entire record of the proceedings before the board. Based on the testimony of the claimant and a report from the United States Department of Labor, the board was reasonable in its findings that (1) the claimant had originally been hired as an employee, and had his union dues paid by Sanson; (2) it was not until after the claimant's employment had commenced that Sanson began to reflect its earnings as if it had paid a subcontractor, rather than an employee; and (3) the claimant never agreed to become a subcontractor. Accordingly, the decision of the board that the claimant was an employee entitled to benefits was neither unlawful, unreasonable, nor against the manifest weight of the evidence. We therefore reverse the judgment of the trial court and enter final judgment for appellant.

*Judgment accordingly.*

JACKSON, P.J., concurs.

PRYATEL, J., concurs in judgment only.