ANSON, APPELLANT, *v.* TYREE, APPELLEE.

[Cite as Anson *v.* Tyree (1986), 22 Ohio St. 3d 223.]

(No. 85-94—Decided March 12, 1986.)

*Nicholas A. Carrera,* for appellant.

*Pickrel, Schaeffer & Ebeling, Andrew C. Storar* and *James F. Barnhart,* for appellee.

LOCHER, J. The issue presented in this appeal is whether service upon the Secretary of State as statutory agent under R.C. 2703.20 is in conflict with Civ. R. 4.4(A). We hold that R.C. 2703.20 does not conflict with Civ. R. 4.4(A), and thus affirm in part and reverse in part the judgment of the court of appeals.

R.C. 2703.20 reads, in pertinent part, as follows:

"Any nonresident of this state, being the operator or owner of any motor vehicle, who accepts the privilege extended by the laws of this state to nonresident operators and owners, of operating a motor vehicle or of having the same operated, within this state, *or any resident of this state,* being the licensed operator or owner of any motor vehicle under the laws of this state, who subsequently becomes a nonresident *or conceals his whereabouts,* by such acceptance or licensure and by the operation of such motor vehicle within this state makes the secretary of state of the state of Ohio his agent for the service of process in any civil suit or proceeding instituted in the courts of this state against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within this state in which such motor vehicle is involved. * * *" (Emphasis added.)

Having no success in locating appellee, appellant served the Secretary of State pursuant to R.C. 2703.20, which sets forth a particular method[1] of service as well.

---

[1] The remainder of R.C. 2703.20 reads:

"* * * Such appointment shall be irrevocable and binding upon the executor or administrator of such nonresident operator or owner.

"Such process shall be served, by the officer to whom the same is directed or by the sheriff of Franklin county, who may be deputized for such purposes by the officer to whom the service is directed, upon the secretary of state by leaving at the office of the secretary of

The Ohio Rules of Civil Procedure became effective in 1970, thirty-seven years after the predecessor to R.C. 2703.20 was enacted. Section 5(B), Article IV of the Ohio Constitution states:

"* * * All laws in conflict with such [civil] rules shall be of no further force or effect after such rules have taken effect."

The methods for service of process in this state are set forth in Civ. R. 4.1 which reads in pertinent part:

"*All methods of service within this state,* except service by publication as provided in Rule 4.4(A) *are described herein.* * * *" (Emphasis added.)

Thus, Civ. R. 4.1 and 4.4(A) contain all permitted methods of service within Ohio. Civ. R. 4.4(A)[2] provides for service by publication when the residence of the defendant is unknown. However, it is important to distinguish between procedural methods for service which specify how a party may be served such as service-by-publication or by registered mail, and procedures which may stipulate *who* may be served. See, *e.g.,* Civ. R. 4.2. The Civil Rules do not deny the possibility of the appointment of a statutory agent. Even if, *arguendo,* R.C. 2703.20 were in conflict with the rules, this court has recognized that in such a case special statutory proceedings are express exceptions to the Civil Rules. Civ. R. 1(C)(7).[3] See, *e.g., State, ex rel. Civil Rights Comm.,* v. *Gunn* (1976), 45 Ohio St. 2d 262 [74 O.O.2d 422] (R.C. 4112.04[B][6] special statutory proceeding to allow summary enforcement of subpoena without filing a complaint or causing issuance of a summons).

Neither appellee, nor the majority of the court of appeals below, ad-

---

state, at least fifteen days before the return day of such process, a true and attested copy thereof, and by sending to the defendant, by registered mail, postage prepaid, a like true and attested copy, with an indorsement thereon of the service upon said secretary of state, addressed to such defendant at his last known address. The registered mail return receipt of such defendant shall be attached to and made a part of the return of service of such process.

"Where the nonresident operator or owner dies prior to the commencement of an action brought pursuant to this section, service of process may be made on the executor or administrator of such nonresident operator or owner in the same manner and on the same notice as is provided in the case of a nonresident operator or owner. Where an action has been commenced under the provisions of this section by service on a defendant who dies thereafter the court must allow the action to be continued against his executor or administrator upon motion with such notice as the court deems proper. Where the nonresident operator or owner of such motor vehicle is an infant, service in the manner provided in this section shall be made upon the infant only, and service upon the persons named in section 2703.13 of the Revised Code shall not be required."

[2] Civ. R. 4.4(A) states in pertinent part:

"When the residence of a defendant is unknown, service shall be made by publication in actions where such service is authorized by law. * * *"

[3] Civ. R. 1(C) states in pertinent part:

"These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * (7) in all other special statutory proceedings * * *."

dressed the impact of Civ. R. 1(C) on the issue at bar. In our view this provision is determinative. R.C. 2703.20 is a special statutory proceeding as excepted by Civ. R. 1(C)(7) and therefore does not conflict with Civ. R. 4.4(A).

A remaining question is whether appellant has adequately demonstrated that appellee actually concealed his whereabouts to justify use of R.C. 2703.20. This is a question that must be resolved by the trial court. Cf. *Brooks* v. *Rollins* (1984), 9 Ohio St. 3d 8. Accordingly, we affirm the decision by the court of appeals to the extent the trial court's judgment by default will be vacated and set aside, and such proceeding is remanded for a hearing as to whether the court has jurisdiction of the person of the defendant in conformity with the reasoning expressed hereinabove.

Accordingly, we affirm in part and reverse in part the judgment of the court of appeals.

*Judgment affirmed in part*
*and reversed in part.*

CELEBREZZE, C.J., SWEENEY, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.

CLIFFORD F. BROWN, J., concurring. I concur with the majority's holding that R.C. 2703.20 constitutes a special statutory proceeding which does not conflict with Civ. R. 4.4(A) by virtue of the exception for such proceedings contained in Civ. R. 1(C)(7). I write separately, however, to further clarify why R.C. 2703.20 is actually inapplicable to the facts at bar.

R.C. 2703.20 applies by its terms to three classes of motorists: (1) non-residents of this state; (2) a resident who subsequently becomes a non-resident; or (3) a resident who conceals his whereabouts. In the instant cause, it was never demonstrated that the defendant meets any of these criteria. There is no suggestion that he was a non-resident, since all attempts at service were directed to Ohio addresses. Nor is there any evidence that he may have become a non-resident. Finally, there is no indication in the record that defendant was attempting to conceal his whereabouts. In fact, the sheriff in his return of service of summons stated that defendant's last address was 5545 Fisher Drive, Dayton, Ohio. For some reason, plaintiff made no attempt to serve defendant at that location. Defendant's uncontradicted affidavit states that he moved from the Fisher Drive address in September 1977, but that all mail to that location was directed to his new address pursuant to a change of address form filed with the United States Post Office. Thus, there is no reason to believe that defendant was concealing his whereabouts from plaintiff. For these reasons, R.C. 2703.20 does not apply to the facts at bar.