CITY OF CLEVELAND, APPELLANT, *v.*
OHIO CIVIL RIGHTS COMMISSION
ET AL., APPELLEES.

(No. 53095—Decided
January 5, 1988.)

*Marilyn G. Zack,* director of law, and *Nick Tomino,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Diane J. Karpinski,* for appellee Ohio Civil Rights Commission.

*James Carnes,* for appellee Richard Lest.

KRUPANSKY, P.J.  In civil case No. 84510, appellant, city of Cleveland, petitioned for review of the Ohio Civil Rights Commission decision holding

the Cleveland Police Department had illegally discriminated against complainant-appellee Richard Lest on the basis of a physical handicap. Appellant filed a petition for review in the Court of Common Pleas of Cuyahoga County pursuant to R.C. 4112.06 on December 13, 1984. The petition named appellee Ohio Civil Rights Commission but neglected to name appellee Lest. It is undisputed appellant mailed a copy of this petition to each party via ordinary United States mail. Service was never made via the clerk of courts.

On April 2, 1985 appellant filed a motion to amend the petition to name Lest. This motion was granted April 9, 1985. The Civil Rights Commission made an appearance contesting the appeal on the merits.

Lest made no appearance until February 7, 1986 over one year after filing of the petition. On that date Lest filed a motion to dismiss the untimely appeal contending the common pleas court lacked subject matter jurisdiction due to lack of timely service on Lest pursuant to Civ. R. 3(A) and 4(A). The Civil Rights Commission subsequently joined in this motion to dismiss which was granted by the trial court November 21, 1986. Appellant filed timely notice of appeal to this court of appeals on December 19, 1986.

Appellant assigns two errors on appeal. Both assignments of error involve substantially identical issues of law and fact and will be discussed concurrently. Appellant's assignments of error follow:

"I. The common pleas court erred in dismissing the city's appeal on the grounds that Revised Code Section 4112.06(B) required that the city's petition for judicial review be served by the clerk of courts pursuant to Ohio Civil Rule 4.

"II. The common pleas court erred in dismissing the city's appeal on the grounds that the city's petition was not served by the clerk of courts pursuant to Ohio Civil Rule 4 where there had been no showing that any party had been prejudiced by the lack of this type of service."

Appellant's assignments of error lack merit.

Civ. R. 1(C) provides:

"Exceptions. These rules, *to the extent that they would by their nature be clearly inapplicable,* shall not apply to procedure (1) upon appeal to review any judgment, order or ruling, (2) in the appropriation of property, (3) in forcible entry and detainer, (4) in small claims matters under Chapter 1925, Revised Code, (5) in uniform reciprocal support actions, (6) in the commitment of the mentally ill, (7) in all other special statutory proceedings; provided, that where any statute provides for procedure by a general or specific reference to all the statutes governing procedure in civil actions such procedure shall be in accordance with these rules." (Emphasis added.)

Thus, the question becomes whether Civ. R. 3(A) and 4(A) of the Ohio Rules of Civil Procedure are by their nature *clearly* inapplicable by virtue of R.C. 4112.06 governing judicial review from decisions of the Civil Rights Commission.

R.C. 4112.06 provides in pertinent part:

"(A) Any complainant, or respondent claiming to be aggrieved by a final order of the commission, including a refusal to issue a complaint, may obtain judicial review thereof, and the commission may obtain an order of court for the enforcement of its final orders, in a proceeding as provided in this section. * * *

"(B) Such proceedings shall be initiated by the filing of a petition in court as provided in division (A) of this section and the service of a copy of the said petition upon the commission and upon all parties who appeared before

the commission. Thereupon the commission shall file with the court a transcript of the record upon the hearing before it. The transcript shall include all proceedings in the case, including all evidence and proffers of evidence. The court shall thereupon have jurisdiction of the proceeding and of the questions determined therein, and shall have power to grant such temporary relief or restraining order as it deems just and proper and to make and enter, upon the record and such additional evidence as the court has admitted, an order enforcing, modifying and enforcing as so modified, or setting aside in whole or part, the order of the commission."

More specifically, the question is whether Civ. R. 3(A), 4(A) and 4(B)[1] are applicable to the parties *sub judice.* If the Civil Rules do in fact apply, then the appellant failed to properly commence this action under Civ. R. 3(A), since appellant failed to request ser-

vice on the appellees through the clerk of courts.

The Staff Notes to the July 1, 1971 amendment to Civ. R. 1(C) state in pertinent part: "As a result of the amendment of Rule 1(C) the Civil Rules will be applicable to special statutory proceedings except 'to the extent that they would by their nature be clearly inapplicable. * * *' Certainly the Civil Rules will not be applicable to those many special statutory proceedings which are nonadversary in nature. On the other hand, the Civil Rules will be applicable to special statutory proceedings adversary in nature unless there is a good and sufficient reason not to apply the rules." Accord *Price* v. *Westinghouse Electric Corp.* (1982), 70 Ohio St. 2d 131, 24 O.O. 3d 237, 435 N.E. 2d 1114[2]; *Cuyahoga Metro. Housing Authority* v. *Jackson* (1981), 67 Ohio St. 2d 129, 21 O.O. 3d 81, 423 N.E. 2d 177. Therefore, the Civil Rules apply unless there is a good and suffi-

---

[1] Civ. R. 3(A) provides:

"Commencement. A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to Rule 15(C), or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Rule 15(D)."

Civ. R. 4(A) provides:

"Summons: issuance. Upon the filing of the complaint the clerk shall forthwith issue a summons for service upon each defendant listed in the caption. Upon request of the plaintiff separate or additional summons shall issue at any time against any defendant."

Civ. R. 4(B) provides:

"Summons: form; copy of complaint. The summons shall be signed by the clerk, contain the name and address of the court and the names and addresses of the parties, be directed to the defendant, state the name and address of the plaintiff's at-

torney, if any, otherwise the plaintiff's address, and the times within which these rules or any statutory provision require the defendant to appear and defend, and shall notify him that in case of his failure to do so, judgment by default will be rendered against him for the relief demanded in the complaint. Where there are multiple plaintiffs or multiple defendants, or both, the summons may contain, in lieu of the names and addresses of all parties, the name of the first party on each side and the name and address of the party to be served.

"A copy of the complaint shall be attached to each summons. The plaintiff shall furnish the clerk with sufficient copies."

[2] In *Price, supra,* the court held Civ. R. 4 to 4.6 were inapplicable to a *de novo* hearing to common pleas court of a decision by the Industrial Commission. However, R.C. 4123.519 which outlines this procedure specifically states the Civil Rules do not apply to the commencement of such action.

cient reason not to apply them. *Lysaght* v. *Dollison* (1978), 61 Ohio App. 2d 59, 61, 15 O.O. 3d 77, 78, 399 N.E. 2d 121, 123.

"Civ. R. 1(C) expressly excepts procedures upon appeal to review any judgment, order, or ruling from the Rules of Civil Procedure, to the extent the rules 'would by their nature be clearly inapplicable.' However, the Supreme Court has delineated Civil Rule applicability in numerous administrative review situations. See *Price* v. *Westinghouse Electric Corp.* (1982), 70 Ohio St. 2d 131, 24 O.O. 3d 237, 435 N.E. 2d 1114. These determinations are made on a case-by-case basis. See, *e.g., Price, supra* (summary judgment available in a workers' compensation appeal), and *Richmond* v. *Bd. of Review* (1979), 64 Ohio App. 2d 243, 18 O.O. 3d 180, 412 N.E. 2d 418 (Civ. R. 6[B] applicable to filing transcript in unemployment appeal). But, see, *Townsend* v. *Bd. of Bldg. Appeals* (1976), 49 Ohio App. 2d 402, 3 O.O. 3d 461, 361 N.E. 2d 271 (Civ. R. 6[E] inapplicable in appeal from board of building appeals)." *J. C. Sanson, Inc.* v. *Rogers* (1986), 30 Ohio App. 3d 77, 78, 30 OBR 133, 135, 506 N.E. 2d 290, 292-293.

The Rules of Civil Procedure apply to an action commenced in common pleas court pursuant to R.C. 4112.06. *Abbyshire Constr. Co.* v. *Civil Rights Comm.* (1974), 39 Ohio App. 2d 125, 68 O.O. 2d 319, 316 N.E. 2d 893. R.C. 4112.06 is silent as to whether the petition initiating the appeal must be served through the clerk of courts. However, a *de novo* hearing of a Civil Rights Commission decision on the merits is clearly adversarial in nature. Therefore, Civ. R. 3(A) and Civ. R. 4(A) and (B) apply absent a good and sufficient reason not to apply those rules. We cannot find such good and sufficient reason.

Appellant's reliance on *State, ex rel. Ohio Civil Rights Comm.,* v. *Gunn* (1976), 45 Ohio St. 2d 262, 74 O.O. 2d 422, 344 N.E. 2d 327; *Anson* v. *Tyree* (1986), 22 Ohio St. 3d 223, 22 OBR 372, 490 N.E. 2d 593; and *Winchester* v. *Pike* (1986), 22 Ohio St. 3d 227, 22 OBR 375, 490 N.E. 2d 596, is unpersuasive. *Gunn, supra,* involved the enforcement of a subpoena issued by the Civil Rights Commission. The *Gunn* court stated:

" '* * * We agree with the district court that the proceedings plainly are of a summary nature not requiring the issuance of process, hearing, findings of fact, and the elaborate process of a civil suit. * * *

" '* * * Obviously, if the enforcement of valid subpoenas, the issuance of which is a mere incident in a case, were to require all of the formalities of a civil suit, the administrative work of the board might often be subject to great delay.' " *Gunn, supra,* at 264-265, 74 O.O. 2d at 423-424, 344 N.E. 2d at 329, quoting *Goodyear Tire & Rubber Co.* v. *NLRB* (C.A. 6, 1941), 122 F. 2d 450, 451.

Further, both *Anson, supra,* and *Winchester, supra,* involved the statutory procedure whereby service is made on the Secretary of State under R.C. 2703.20 when a plaintiff is unable to find and serve a complaint upon a defendant in a case arising out of an automobile accident occurring in the state of Ohio. By its very nature, service under R.C. 2703.20 is summary in nature and not adversarial. Therefore, appellant's authority is distinguishable in that the statutory proceedings at issue in *Gunn, Anson* and *Winchester, supra,* are not adversarial but summary proceedings. Clearly, an appeal on the merits from an adverse decision by the Civil Rights Commission is adversarial. Therefore, the authority submitted by appellant in this regard is not persuasive. As the case *sub judice* is an adversarial proceeding, appellant

had the burden of showing good and sufficient reason not to apply the Civil Rules. Appellant instead simply criticizes the trial court's rationale for applying the Civil Rules without offering good and sufficient reason why the rules should not be applied.

Appellant also argues appellees were not in any way prejudiced by failure to follow the Civil Rules and dismissal is unwarranted because any such failure was purely technical. Each and every authority cited by appellant involves a technical and clerical error in a properly served notice of appeal either to the court of appeals or from an adverse decision of the Industrial Commission or the civil service commission to the court of common pleas.[3] However, in each case, the parties appeared. In the case *sub judice,* it is undisputed one of the appellees, Lest, the appellee who originally brought the motion to dismiss and who was later joined by the Civil Rights Commission in so moving, appeared only for the purpose of dismissing the action for failure to commence the action under Civ. R. 3(A). Furthermore, the case *sub judice* does not involve a defect in notice; rather, it involves a failure of proper service. Failure of proper service is not a minor, hypertechnical violation of the rules. Such failure is in direct contravention of the Rules of Civil Procedure. Civ. R. 3(A) provides a *civil action is commenced* by filing a complaint with the court *if service is obtained within one year.* Therefore, appellant's reliance on *DeHart* v. *Aetna Life Ins. Co.* (1982), 69 Ohio St. 2d 189, 23 O.O. 3d 210, 431 N.E. 2d 644, and its progeny is misplaced.

Two of the grounds originally set forth in *DeHart, supra,* for determining whether there has been an abuse of discretion in dismissing a case for failure to comply with provisions regarding notice are whether failure to follow the rules is an inadvertent technical or clerical error and whether any prejudice has resulted. In the case *sub judice* the trial court aptly stated failure to properly file a complaint cannot be considered a clerical or technical error:

"* * * [T]he Clerk's records are the crucial documents by which the parties can measure lapses of time in ascertaining whether action has been taken within the statute of limitations and whether service has, in fact, been made. To allow such service to be established through the private action of counsel rather than the action of the Clerk of Courts would open administrative appeals to a plethora of preliminary factual disputes about jurisdiction which the already overburdened courts should not be asked to adjudicate." Trial court's November 21, 1986 journal entry, at 3. The defect of service is not hypertechnical but goes to jurisdiction itself. R.C. 4112.06 provides strict adherence is necessary to vest the court with jurisdiction.

Furthermore, appellee failed to appear at the merit hearings although he admitted receiving a copy of appellant's petition. This failure to appear was due in part to improper service which failed to properly apprise Lest

---

[3] *National Mut. Ins. Co.* v. *Papenhagen* (1987), 30 Ohio St. 3d 14, 30 OBR 21, 505 N.E. 2d 980; *Fisher* v. *Mayfield* (1987), 30 Ohio St. 3d 8, 30 OBR 16, 505 N.E. 2d 975; *State, ex rel. Ormet Corp.,* v. *Burkhart* (1986), 25 Ohio St. 3d 112, 25 OBR 160, 495 N.E. 2d 422; *Wells* v. *Chrysler Corp.* (1984), 15 Ohio St. 3d 21, 15 OBR 18, 472 N.E. 2d 331; *DeHart* v. *Aetna Life Ins. Co.* (1982), 69 Ohio St. 2d 189, 23 O.O. 3d 210, 431 N.E. 2d 644; *Woods* v. *Civil Service Comm.* (1983), 7 Ohio App. 3d 304, 7 OBR 387, 455 N.E. 2d 709.

of the adversarial procedure and his need to respond. As a result, Lest did not file any briefs or pleadings on the merits in the court of common pleas. Therefore, his rights were substantially prejudiced by appellant's failure to perfect service.

Appellant's argument the city of Cleveland substantially complied with the service requirements is meritless as the city did not attempt proper service through the court of common pleas. This was more than an inadvertent error. In order to commence its action, which is fundamental to any adjudication, appellant was required to serve opposing parties with a summons and complaint through the clerk of courts. See Civ. R. 3 and 4.

Accordingly, appellant's assignments of error are not well-taken and are overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

John V. Corrigan and Markus, JJ., concur.