[Cite as *Boggs v. Denmead*, 2018-Ohio-2408.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Clifford L. Boggs, | : | |
| Plaintiff-Appellant, | : | No. 17AP-199 |
| | | (C.P.C. No. 12CV-13858) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Craig Denmead et al., | : | |
| Defendants-Appellees. | : | |

# D E C I S I O N

### Rendered on June 21, 2018

**On brief:** *Stewart & DeChant, LLC*, and *Scott E. Stewart*, for appellant. **Argued:** *Scott E. Stewart*.

**On brief:** *Reminger Co., L.P.A.*, *Melvin J. Davis*, and *Allison R. Thomas*, for appellees. **Argued:** *Allison R. Thomas*.

APPEAL from the Franklin County Court of Common Pleas

BROWN, P.J.

{¶ 1} This is an appeal by plaintiff-appellant, Clifford L. Boggs, from a judgment of the Franklin County Court of Common Pleas overruling his objections to a magistrate's decision and granting the motion to dismiss filed by defendants-appellees, Craig Denmead (individually "Denmead") and Denmead Law Office.

{¶ 2} On November 2, 2012, appellant filed a complaint against appellees alleging legal malpractice. On November 20, 2012, appellant filed a motion for leave to file an amended complaint, which the trial court granted by entry filed November 27, 2012.

{¶ 3} On December 1, 2013, appellees filed a motion to dismiss the complaint and amended complaint, pursuant to Civ.R. 12(B), asserting insufficiency of service of process,

insufficiency of process, and lack of personal jurisdiction.  Attached to the motion was the affidavit of Denmead, who averred he had never received certified or express mail service of the summons and complaint filed in Franklin C.P. No. 12CV-13858.  On December 10, 2013, appellant filed a brief in response to appellees' motion to dismiss.

{¶ 4}   On December 5, 2014, a magistrate of the trial court conducted an evidentiary hearing on the motion to dismiss.  During the hearing, Denmead testified on behalf of appellees, while appellant presented the testimony of Joyce Beauman, manager of the clerk's office for the Franklin County Court of Common Pleas, General Division.  Appellant also called Denmead to testify on cross-examination.

{¶ 5}   On February 6, 2015, the magistrate issued a decision which included the following findings of fact.  Appellee Denmead is an Ohio licensed attorney "doing business as Denmead Law Office."  In November 2012, the Denmead Law Office was located at 17 South High Street, Suite 620, Columbus, Ohio, 43215.  Denmead is a sole practitioner, and in November 2012 "he did not employ any staff, nor did he share office space with any other attorney, or anyone else."  Denmead was also "the only person who had access to Suite 620 on November 24, 2012."

{¶ 6}   Prior to the filing of the instant action, "Denmead was contacted in writing by an attorney representing Clifford Boggs," requesting a copy of a file "related to a potential malpractice lawsuit."  Denmead "notified his malpractice insurance carrier," and the carrier retained counsel for Denmead.

{¶ 7}   On November 2, 2012, appellant requested certified mail service of the complaint filed against both appellees.  Thereafter, the complaint and summonses "were sent to Craig Denmead and Denmead Law Office at 17 South High Street, Suite 620, Columbus, Ohio 43215."

{¶ 8}   On November 20, 2012, appellant filed a motion for leave to file an amended complaint. Appellant mailed a copy of his motion "to Craig Denmead and Denmead Law Office at 17 S. High Street, Suite 620, Columbus, Ohio 43215."   On November 27, 2012, the trial court granted appellant's motion for leave to file his amended complaint instanter.  On that same date, "the Franklin County Clerk of Courts filed 'return receipts' for the Complaint and summonses issued to [appellees] Craig Denmead and Denmead Law Office."  Both certified mail envelopes "were delivered on

November 24, 2012 at 10:03 A.M. in Columbus, Ohio 43216, giving a customer service reference number for the Boggs' Complaint on both [appellees]."

{¶ 9}  The parties "agree[d] that the signatures and address on the November 24, 2012 signed receipt are illegible."  In his affidavit, "Denmead stated that neither he, nor an agent or an employee, signed or received the certified mail," nor does he "know or recognize the signatures or names of the person(s) on the return receipts."

{¶ 10}  On November 28, 2012, attorneys Michael Romanelli and Nicole Koppitch entered their appearances on behalf of appellees.  On November 29, 2012, the envelopes with the original complaint were returned to the Franklin County Clerk of Courts; the envelopes were stamped as unclaimed after previously showing receipt.  One envelope was addressed to "Craig Denmead, Suite 620, 17 South High Street, Columbus, Ohio 43215," and bore the tracking number "9171 9009 0300 1007 4706 75" the other envelope was addressed to "Denmead Law Office, Suite 620, 7 South High Street, Columbus, Ohio 43215," and bore the tracking number "9171 9009 0300 1007 4706 68."  Both of the tracking numbers matched "the respective summonses on certified mail sent November 7, 2012."

{¶ 11}  On November 29, 2012, the Franklin County Clerk of Courts issued a "conflict of service notice."  The magistrate noted that appellant "made no subsequent attempts to obtain service via certified or express mail."

{¶ 12}  Denmead testified that he "received 'pink' slip notices at 17 S. High Street, Suite 620, Columbus, Ohio 43215 on November 8 and 23, 2012, indicating that he had certified mail."  Denmead "was given the option of either requesting that it be redelivered, or picking up the certified mail at the United States Post Office, located at 850 Twin Rivers Drive."  The post office is located in the 43216 zip code area, "but serves the downtown Columbus, Ohio area, including the delivery of mail to 17 S. High Street, Suite 620[,] Columbus, Ohio, which is located in the 43215 zip code area."

{¶ 13}  According to the testimony of Denmead, "sometime during the first week of December 2012, prompted by the pink slip notices he received from the United States Post Office, he went to the Twin Rivers Drive post office to claim his certified mail."  At that time, Denmead "learned that the certified mail had been returned to the original sender."

{¶ 14} On December 12, 2012, appellant requested ordinary mail service of the amended complaint and summonses sent to Denmead and Denmead Law Office at 17 South High Street, Suite 620, Columbus, Ohio 43215. The magistrate found no evidence indicating "the ordinary mail containing the Amended Complaint and summonses" was returned to the clerk of courts, and the magistrate noted testimony by Denmead that "he did receive the Amended Complaint."

{¶ 15} In the magistrate's conclusions of law addressing the issue of service of process of the original complaint and summons, the magistrate found "the evidence demonstrates that the unopened envelopes were subsequently returned to the clerk's office as 'unclaimed.' " The magistrate also noted Denmead's testimony that "Denmead Law Office was not open on Saturday, November 24, 2012, and that he is the only person who has access to his office, and does not have any employees." Based on the testimony and exhibits introduced at the hearing, the magistrate determined that "the evidence demonstrates [appellees] were not properly served" with the original complaint.

{¶ 16} Regarding the amended complaint, the magistrate noted that appellant "never attempted to serve his Amended Complaint and summons by certified or express mail." Rather, the evidence established appellant "attempted to serve the Amended Complaint via ordinary mail." Citing the provisions of Civ.R. 4.6, the magistrate held that "absent proof that certified or express mail service of the Amended Complaint and summons was either refused or unclaimed, ordinary mail service was not a proper method of service of process." Finding that the evidence demonstrated "neither the original Complaint nor the Amended Complaint have been served pursuant to the Ohio Civil Rules of Procedure on either [appellee] within the one year time period," the magistrate concluded the trial court lacked jurisdiction over appellees.

{¶ 17} Appellant filed objections to the magistrate's decision, challenging the magistrate's findings related to Denmead's failure to receive the certified mail service of the original complaint, as well as the magistrate's conclusion that ordinary mail service of the amended complaint was not proper service under the circumstances. Appellant argued the amended complaint related back to the original complaint, pursuant to Civ.R. 15(C), and that the amended complaint was properly served via ordinary mail after the original complaint was returned unclaimed.

{¶ 18} On March 7, 2017, the trial court filed a decision and entry in which it adopted the magistrate's decision, holding the magistrate properly determined appellant failed to accomplish service of either the original or amended complaint within the period required by Civ.R. 3(A). The trial court therefore granted appellees' motion to dismiss for lack of jurisdiction.

{¶ 19} On appeal, appellant sets forth the following three assignments of error for this court's review:

> [I.] The Court erred in finding that the Amended Complaint did not relate back in time to the original Complaint and allow service of process by ordinary mail which Appellees received under Civ.R. 4.6, after service of the original Complaint was confirmed as received, and then a conflict notice issued stating it was unclaimed.
>
> [II.] Appellee did not rebut the presumption of service with sufficient evidence that service was not completed by certified mail.
>
> [III.] Appellee had adequate notice under the Rules of Civil Procedure to obtain proper service and as a result civil jurisdiction upon the Appellee.

{¶ 20} Appellant's assignments of error are interrelated and will be considered together. Under these assignments of error, appellant argues: (1) the trial court erred in finding the amended complaint did not relate back in time to the original complaint and allow service of process by ordinary mail, (2) appellees did not rebut the presumption of service by certified mail, and (3) appellees had adequate notice under the rules of Civil Procedure to obtain proper service.

{¶ 21} At issue on appeal is the propriety of the trial court's decision overruling appellant's objections to the magistrate's decision and granting appellees' motion to dismiss for lack of jurisdiction due to a failure to obtain service of either the original or amended complaint within one year of filing. In order to render a valid personal judgment, a trial court must have personal jurisdiction over the defendant. *Maryhew v. Yova*, 11 Ohio St.3d 154, 156 (1984). A "[l]ack of jurisdiction over the person, insufficiency of process and insufficiency of service of process are affirmative defenses." *Confidential Servs., Inc. v. Dewey,* 10th Dist. No. 98AP-905 (Apr. 15, 1999), citing Civ.R. 12(B)(2), (4)

and (5).  An appellate court's "standard of review of a dismissal due to the lack of personal jurisdiction is de novo."  *Shah v. Simpson,* 10th Dist. No. 13AP-24, 2014-Ohio-675, ¶ 9, citing *Kauffman Racing Equip., L.L.C. v. Roberts*, 126 Ohio St.3d 81, 2010-Ohio-2551.

{¶ 22} Civ.R. 3(A) states in part that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant."  Thus, under the provisions of Civ.R. 3(A), "an action is not deemed to be 'commenced' unless service of process is obtained within one year from the date of the filing of the action."  *Saunders v. Choi,* 12 Ohio St.3d 247, 250 (1984).  Further, "[i]f service is not perfected under Civ.R. 3(A) within a year of filing the complaint, dismissal of the complaint is appropriate."  *McAbee v. Merryman,* 7th Dist. No. 13 JE 3, 2013-Ohio-5291, ¶ 16.

{¶ 23} Civ.R. 4.1 "outlines the methods for obtaining service of process within this state, including service via certified mail."  *TCC Mgt. v. Clapp*, 10th Dist. No. 05AP-42, 2005-Ohio-4357, ¶ 11.  Civ.R. 4.1(A) states in part:

> (1)(a) Evidenced by return receipt signed by any person, service of any process shall be by United States certified or express mail unless otherwise permitted by these rules. The clerk shall deliver a copy of the process and complaint or other document to be served to the United States Postal Service for mailing at the address set forth in the caption or at the address set forth in written instructions furnished to the clerk as certified or express mail return receipt requested, with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered.
>
> * * *
>
> (2) The clerk shall forthwith enter on the appearance docket the fact of delivery to the United States Postal Service for mailing or the fact of delivery to a specified commercial carrier service for delivery, and make a similar entry when the return receipt is received. If the return shows failure of delivery, the clerk shall forthwith notify the attorney of record or * * * the party at whose instance process was issued and enter the fact and method of notification on the appearance docket. The clerk shall file the return receipt or returned envelope in the records of the action.

{¶ 24} In accordance with Civ.R. 4.1(A), "service of process via certified mail is evidenced by a return receipt signed by any person." *Clapp* at ¶ 11. When service of process is attempted by certified mail, "a signed receipt returned to the sender establishes a prima facie case of delivery to the addressee." *Id.* In instances where a plaintiff "follows the civil rules governing service of process, a rebuttable presumption of proper service arises." *Chuang Dev. LLC v. Raina*, 10th Dist. No. 15AP-1062, 2017-Ohio-3000, ¶ 31. A defendant, however, "can rebut the presumption of proper service with sufficient evidence that service was not accomplished." *Id.* at ¶ 32.

{¶ 25} Civ.R. 4.6(D) "addresses the failure of certified mail situations of 'service refused' or 'service unclaimed.' " *Denittis v. Aaron Constr., Inc.*, 8th Dist. No. 2011-G-3031, 2012-Ohio-6213, ¶ 37. Civ.R. 4.6(D) states in part as follows:

> If a United States certified or express mail envelope attempting service within or outside the state is returned with an endorsement stating that the envelope was unclaimed, the clerk shall forthwith notify the attorney of record * * * and enter the fact and method of notification on the appearance docket. If the attorney, or serving party, after notification by the clerk, files with the clerk a written request for ordinary mail service, the clerk shall send by United States ordinary mail a copy of the summons and complaint or other document to be served to the defendant at the address set forth in the caption, or at the address set forth in written instructions furnished to the clerk. * * * The clerk shall endorse this answer date upon the summons which is sent by ordinary mail. Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery. If the ordinary mail envelope is returned undelivered, the clerk shall forthwith notify the attorney, or serving party.

{¶ 26} Thus, Civ.R. 4.6(D) "provides for service by ordinary mail when the certified mail is 'unclaimed.' " *Olezewski v. Niam*, 2d Dist. No. 13936 (Sept. 22, 1993). *See also Cent. Ohio Sheet Metal, Inc. v. Walker*, 10th Dist. No. 03AP-951, 2004-Ohio-2816, ¶ 8, citing *Pittsburgh Hilton v. Reiss*, 22 Ohio App.3d 134, 135 (9th Dist.1985) ("Service of process by ordinary mail under Civ.R. 4.6(D) is proper after a certified mail delivery to appellant's address is returned marked 'unclaimed.' ").

{¶ 27} As noted, following the evidentiary hearing on the motion to dismiss, the magistrate determined appellant failed to properly serve appellees with either the original complaint or the amended complaint.  We initially consider arguments by appellant with respect to the filing of the original complaint.

{¶ 28} In his objections to the magistrate's decision, appellant asserted the signed return receipts created a presumption of service notwithstanding the return of the service envelopes.  The trial court disagreed, and further found that "[e]ven assuming, *arguendo,* that the signed return receipts created a presumption of service," appellees rebutted the presumption of service by certified mail "with sufficient evidence that service was not completed."

{¶ 29} As previously noted, the facts as developed at the evidentiary hearing indicate appellant attempted to serve the original complaint by certified mail.  During the hearing, Denmead testified that he was a sole practitioner with no employees, and that his office was not open on the date the receipts were signed (i.e., on November 24, 2012 which, the trial court noted, was the Saturday following Thanksgiving).  The signatures on the receipts were illegible, and Denmead testified that neither he nor any agent of his signed or received the certified mail.  The envelopes with the original complaint were returned to the clerk of courts, and both envelopes were stamped "UNCLAIMED."  The clerk's office subsequently issued a "conflict of service" notice.  Noting that appellant never attempted service of the original complaint by ordinary mail, pursuant to Civ.R. 4.6(D), after the certified mail envelope was returned unclaimed, the trial court determined that the magistrate properly found appellant did not obtain proper service on appellees.

{¶ 30} In further finding that appellees effectively rebutted any presumption that may have arisen from the signed return receipts, the trial court cited evidence which included: (1) the returned service envelopes marked "unclaimed," (2) Denmead's testimony that he was a solo practitioner with no employees, and he had sole access to his office, (3) testimony that Denmead's office was not open on the date the receipts were signed (i.e., on the Saturday following Thanksgiving), and (4) the hearing testimony and affidavit of Denmead stating he did not receive nor sign the receipts, and that he did not recognize the receipt signatures.

{¶ 31} In general, "[i]n determining whether a defendant has sufficiently rebutted the presumption of valid service, a trial court may assess the credibility and competency of the submitted evidence demonstrating non-service." *Bowling v. Grange Mut. Cas. Co.,* 10th Dist. No. 05AP-51, 2005-Ohio-5924, ¶ 33. Here, both the magistrate and trial court found credible Denmead's testimony and supporting evidence that he did not receive the certified mail. On review, we find no error by the trial court in concluding that appellees sufficiently rebutted the presumption of valid service by certified mail. Further, as the record reflects no attempt to serve the original complaint by ordinary mail, we find no error with the trial court's determination that appellant did not obtain proper service of the original complaint within one year of the filing.

{¶ 32} With respect to the amended complaint, the record indicates, as found by the magistrate, that appellant undertook service of the amended complaint via ordinary mail. The magistrate, noting that Civ.R. 4.6 "provides the only circumstances under which ordinary mail service is proper in lieu of certified or express mail," held that in the absence of "proof that certified or express mail service of the Amended Complaint and summons was either refused or unclaimed, ordinary mail service was not a proper method of service of process." The magistrate further cited this court's decision in *Schafer v. Sunsports Surf Co.,* 10th Dist. No. 06AP-370, 2006-Ohio-6002, ¶ 14, for the proposition that the filing of an amended complaint is equivalent to a refiling of an action, and that a refiled complaint must be served pursuant to Civ.R. 3(A).

{¶ 33} In his objections to the magistrate's decision, appellant argued (and similarly argues on appeal) that the amended complaint "related back" to the original complaint, for purposes of service pursuant to Civ.R. 15(C). The trial court rejected appellant's argument, noting appellant failed to "cite to any [case law] that applies Civ.R. 15(C) to hold that an amended pleading relates back to an original pleading for purposes of service under Civ.R. 4." The trial court further observed that "Civ.R. 15(C) relates to the statute of limitations, not to methods of service."

{¶ 34} We find no error with the trial court's determination. Civ.R. 15(C) states in part: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." In general, the

relation back concept of Civ.R. 15(C) "provides, '[i]f plaintiff files his complaint, and if the applicable statute of limitations runs, and if plaintiff amends his complaint[,] * * * the amendment relates back to the time of the original filing of the action." *Laneve v. Atlas Recycling,* 119 Ohio St.3d 324, 2008-Ohio-3921, ¶ 11, quoting Civ.R. 15 Staff Notes (1970). Accordingly, "[b]ecause of relation back, the intervening statute of limitations does not interfere with the opportunity to amend." *Id.*

{¶ 35} As noted, pursuant to Civ.R. 3(A), a civil action is commenced only upon obtaining service within one year of the filing of the complaint, and we have previously found no error by the trial court in its determination that appellant failed to obtain proper service of the original complaint. Here, where the record indicates the original complaint was never properly served, we further find no error by the trial court in rejecting appellant's claim that the amended complaint somehow related back to the original complaint for purposes of perfecting service. *See, e.g., Ent. Group Planning v. State Farm Ins. Cos.,* 11th Dist. No. 98-T-0077 (Oct. 22, 1999) (noting that "Civ.R. 15(C) does not dispense with the requirements of Civ.R. 3(A) or otherwise extend the time period from which to complete service of process as to the original pleading," and therefore rejecting application of Civ.R. 15(C) where appellants "never complied with the one year service requirements of Civ.R. 3(A)"). *See also Martz v. Field Dev. Group,* 9th Dist. No. 21801, 2004-Ohio-4066, ¶ 11, 12 (noting that "Civ.R. 3 requires service upon parties brought into an action through a Civ.R. 15(C) and (D) amendment," and further observing "[t]he 'relation back' feature" of Civ.R. 15 "applies solely to the statute of limitations," and that "personal service does not 'relate back' when" the correct parties are not properly served). Accordingly, the trial court did not err in adopting the magistrate's determination that appellant failed to obtain proper service of the original and amended complaint within one year of filing, thereby depriving the trial court of jurisdiction over appellees.

{¶ 36} Appellant argues, nonetheless, that appellees had adequate notice under the Civil Rules to obtain proper service. Under Ohio law, however, the " 'failure of proper service is not a minor, hypertechnical violation of the rules.' " *McAbee* at ¶ 16, quoting *Cleveland v. Ohio Civil Rights Comm.,* 43 Ohio App.3d 153, 157 (8th Dist.1989). Rather, in the absence of proper service of process, "a trial court lacks jurisdiction to enter a judgment against that defendant." *Id.* Further, the Supreme Court of Ohio has held that

"actual knowledge of a lawsuit's filing and lack of prejudice resulting from the use of a legally insufficient method of service do not excuse a plaintiff's failure to comply with the Civil Rules." *Laneve* at ¶ 22. Rather, "[t]he Civil Rules are a mechanism that governs the conduct of all parties equally." *Id.* at ¶ 23.

{¶ 37} On review, we conclude the trial court did not err in overruling appellant's objections to the magistrate decision and granting appellees' motion to dismiss for lack of jurisdiction. Accordingly, appellant's first, second and third assignments of error are not well-taken and are overruled.

{¶ 38} Based on the foregoing, appellant's three assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

SADLER and BRUNNER, JJ., concur.

_____