PETRO, Auditor, Appellee,

v.

STOLDT, Clerk–Treasurer, Appellant.

[Cite as *Petro v. Stoldt* (2000), 137 Ohio App.3d 518.]

Court of Appeals of Ohio,
Third District, Seneca County.

No. 13–99–57.

Decided May 3, 2000.

*Betty D. Montgomery,* Attorney General, and *Kent Shimeall,* Assistant Attorney General, for appellee.

*Kennedy, Purdy, Hoeffel, Gernert, Leuthold & Leuthold* and *Shane M. Leuthold,* for appellant.

HADLEY, Judge.

The defendant-appellant, Linda S. Stoldt, appeals the judgment of the Seneca County Court of Common Pleas finding her in contempt for failure to obey the administrative subpoena issued by the State Auditor. For the following reasons, we affirm the judgment of the trial court.

The pertinent facts and procedural history of this case are as follows. The appellant was, at all times pertinent herein, the clerk-treasurer for the village of Attica located in Seneca County, Ohio. Appellee Jim Petro is the Auditor of State. As Auditor of State, appellee is required to audit all local government offices once every two years. On March 19, 1999, the Auditor's office sent a letter to appellant informing her of all the records she should prepare in anticipation of the upcoming 1997–1998 audit of the village of Attica.

On March 30, 1999, the appellant informed the Auditor's office that the records were not ready for audit. The Auditor's office had anticipated this response, and, on that same day, handed the appellant [1] a letter formally declaring the village to be unauditable, pursuant to R.C. 117.41. The issuance of this standard letter commenced the statutory ninety-day period for the clerk-treasurer to present the

---

1. The mayor and council members also received copies of this letter.

village's records in an auditable condition. The letter also referred the appellant to the Auditor's local government services division for any assistance that might be needed to accomplish this task.

On June 30, 1999, at the end of the ninety-day period, appellant had not produced the required records. The Auditor's office made repeated attempts to contact appellant to see what, if any, progress she had made and to ascertain when appellant expected to produce the records. These attempts were all to no avail. On August 12, 1999, the Auditor's office served an administrative subpoena on appellant, directing appellant to produce the village's financial records by September 1, 1999. On August 30, 1999, appellant replied, not by complying with the subpoena, but by sending the Auditor's office a letter, stating that the Auditor had failed to follow the proper procedures. Specifically, the letter stated that the Auditor had failed to provide appellant with a thirty-day notice letter. Appellant offered to produce the records sometime between September 14 and 17, 1999.

On October 7, 1999,[2] the Auditor filed an application to enforce an administrative subpoena, pursuant to R.C. 117.18, in the Seneca County Court of Common Pleas. The trial court granted the Auditor's request for an expedited hearing, which was held on October 15, 1999. At the conclusion of the hearing, the trial court found the appellant in contempt of the administrative subpoena and sentenced her to thirty days in jail and a $250 fine. The trial court allowed appellant the opportunity to purge herself of the contempt charge by producing the documents within two weeks.[3] It is from this judgment that the appellant now appeals, asserting one assignment of error:

"The trial court erred by finding that appellant, Linda S. Stoldt, was in contempt of the administrative subpoena issued by Jim Petro, Auditor of State."

Appellant contends that the Auditor's office failed to follow its own procedures and regulations, and, therefore, she should not have been found in contempt for failure to comply with an improper subpoena. For the following reasons, we disagree.

There is no dispute that in March 1999, the village of Attica was declared unauditable. R.C. 117.41 sets forth the procedure to be followed when a public office is declared unauditable:

"If the auditor of state or a public accountant auditing a public office determines that the office cannot be audited because its accounts, records, files, or

---

2. Appellant had still not produced the required records over one hundred eighty days after the initial request had been made.

3. Appellant produced some of the records, but failed to fully comply with the subpoena. Appellant was subsequently removed from office in a separate court action filed by the Auditor of State and ordered to return all the village records and property.

reports have been improperly maintained, the person making the determination may declare the public office to be unauditable. A public office declared to be unauditable shall follow the procedures established by the auditor of state to bring its accounts, records, files, or reports into an auditable condition. If the public office fails to make reasonable efforts and continuing progress to bring its accounts, records, files, or reports into an auditable condition *within ninety days after being declared unauditable,* the auditor of state shall request legal action pursuant to section 117.42 of the Revised Code to compel the public office to bring its accounts, records, files, and reports into an auditable condition." (Emphasis added.)

The village of Attica was declared unauditable on March 30, 1999, and appellant received the ninety-day letter that same day. Approximately one hundred twenty-five days later, on August 12, 1999, appellant had still not brought the records of the village into an auditable condition, so appellee commenced legal action pursuant to R.C. 117.41 and 117.42. The ninety-day letter explicitly stated, "Failure to make reasonable efforts and continuing progress to bring your accounts, records, files, and reports into an auditable condition within the ninety (90) day period could result in legal action pursuant to Section 117.42, Ohio Revised Code."

Appellant claims that the Auditor's office was required to give her an additional thirty-day[4] notice before it commenced legal action. Appellant cites a handout she received at a training session conducted by the Auditor's office in 1997 as support for her claim. The handout consists of an outline of the topics that were covered during the session. Nothing in the handout explicitly states that the Auditor is required to give the appellant a thirty-day letter prior to commencing legal action. Appellant has failed to provide this court with any additional evidence to support her contention. Therefore, we find appellant's contention unfounded.

Accordingly, appellant's assignment of error is not well taken and overruled.

Having found no error prejudicial to appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment affirmed.*

WALTERS and THOMAS F. BRYANT, JJ., concur.

---

4. It must be noted that the Auditor's office gave the appellant one hundred twenty-five days before it filed the subpoena. An additional sixty-four days passed before the contempt hearing was held. In total, appellant was given approximately one hundred eighty-nine days to bring the records into an auditable condition.