[Cite as *Cleveland v. Amazing Tickets, Inc.*, 2018-Ohio-743.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105637**

## CITY OF CLEVELAND

PETITIONER-APPELLEE

vs.

## AMAZING TICKETS, INC., ET AL.

RESPONDENTS-APPELLANTS

**JUDGMENT:**
REVERSED AND VACATED

Civil Appeal from the
Cleveland Municipal Court
Case Nos. 2015-CVH-009476 and 2015-CVH-009477

**BEFORE:**   E.A. Gallagher, A.J., S. Gallagher, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:**   March 1, 2018

**ATTORNEY FOR APPELLANT**

L. Bryan Carr
1392 Som Center Road
Mayfield Heights, Ohio 44124


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Director of Law
BY: Carl E. Meyer
Assistant Director of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114

EILEEN A. GALLAGHER, A.J.:

**{¶1}** Respondent-appellant Amazing Tickets, Inc., appeals from the judgment of the Cleveland Municipal Court ordering Amazing Tickets to comply with an administrative subpoena issued by the petitioner-appellee city of Cleveland ("the City"). For the following reasons, we reverse.

**Facts and Procedural History**

**{¶2}** This case arises out of an administrative subpoena served on Amazing Tickets by the city of Cleveland's Commissioner for the Division of Assessments and Licenses on April 20, 2015. The subpoena sought books, papers, documents, and information pertaining to ticket transactions conducted on Amazing Ticket's website for Cleveland Cavaliers basketball games during the 2014-2015 season commencing October 1, 2014. The Commissioner sought the information as part of an investigation of the transactions pertaining to the enforcement of the admissions tax set forth in Cleveland Codified Ordinance 195.02.

**{¶3}** When Amazing Tickets did not comply with the subpoena, the City filed an application in the Cleveland Municipal Court for an order to require respondent to comply with the administrative subpoena. After being granted leave to plead, Amazing Tickets filed a motion to dismiss arguing that the City had failed to file a proper complaint. The City opposed and, on October 24, 2016, a magistrate's decision was issued denying Amazing Tickets motion to dismiss and simultaneously ordering Amazing Tickets to comply with the administrative subpoena. The trial court approved and confirmed the

magistrate's decision and ordered Amazing Tickets to comply with the administrative subpoena within 30 days. Amazing Tickets filed objections to the magistrate's decision arguing that the decision had incorrectly deprived it from filing a responsive pleading and challenging the subpoena. On March 7, 2017 the trial court overruled Amazing Tickets' objections and ordered the judgment to remain in full force and effect.

**Law and Analysis**

**I. Enforcement of an Administrative Subpoena**

{¶4} In its first assignment of error, Amazing Tickets argues that the trial court erred in (1) denying its motion to dismiss and (2) summarily granting judgment in favor of the City. The central dispute in this case is the appropriate legal procedure for the enforcement of an administrative subpoena issued pursuant to Cleveland Codified Ordinances 195.28 through 195.30. Amazing Tickets argues that the sole enforcement mechanism available to the City is a civil action for injunctive relief. Under this theory, Amazing Tickets argues that the City has failed to file an appropriate complaint and that the trial court has failed to follow the civil rules of procedure by summarily granting relief in favor the City. The City argues that this is not a case for injunctive relief but instead an action to enforce an administrative subpoena. Amazing Tickets argues that no such cause of action exists. We disagree.

{¶5} The Ohio Supreme Court has held that an action to enforce an administrative subpoena is a special statutory proceeding to which the Ohio Rules of Civil Procedure generally do not apply. *State ex rel. Ohio Civ. Rights Comm. v. Gunn*, 45 Ohio St.2d

262, 263-267, 344 N.E.2d 327 (1976). The party seeking enforcement of the administrative subpoena need not file a complaint and "'the proceedings plainly are of a summary nature not requiring the issuance of process, hearing, findings of fact, and the elaborate process of a civil suit.'" *Id.* at 264-265, quoting *Goodyear Tire & Rubber Co. v. Natl. Labor Relations Bd.*, 122 F.2d 450, 451 (6th Cir. 1941). The authority to issue an administrative subpoena as well as the appropriate court to enforce noncompliance in a manner consistent with the Supreme Court's above-described special proceeding is commonly set forth by the same statutory authority that grants an administrative agency the ability to issue subpoenas. *See, e.g.*, *Ohio Bur. of Workers' Comp. v. Salkin*, 8th Dist. Cuyahoga No. 96173, 2011-Ohio-4260; *Petro v. Stoldt*, 137 Ohio App.3d 518, 519-521, 739 N.E.2d 13 (3d Dist.2000); *Petro v. N. Coast Villas Ltd.*, 136 Ohio App.3d 93, 735 N.E.2d 985 (9th Dist. 2000); *Ohio Elections Comm. v. Ohio Chamber of Commerce*, 158 Ohio App.3d 557, 2004-Ohio-5253, 817 N.E.2d 447 (10th Dist.); *Ohio State Dental Bd. v. HealthCare Venture Partners, LLC*, 2014-Ohio-2508, 14 N.E.3d 470 (10th Dist.); R.C. 117.18, 4141.17, 4121.15, 4112.04 and 3517.153.

{¶6} Generally, an appellate court applies an abuse of discretion standard when reviewing a trial court's decision to enforce or quash an administrative subpoena. *Salkin* at ¶ 6, citing *Petro v. N. Coast Villas Ltd.*, 136 Ohio App.3d 93, 735 N.E.2d 985 (9th Dist. 2000). Nevertheless, when a trial court's discretionary decision is based on a specific construction of law, that decision should not be afforded the deference that is usually due to the trial court. *Id*. It is only when a trial court's decision is based on a

specific construction of law that an appellate court reviews the decision under a de novo standard. *Id.*

**{¶7}** In this instance the parties do not dispute that the commissioner had the authority to issue administrative subpoenas pursuant to Cleveland Codified Ordinances 195.28 through 195.30. As to the appropriate enforcement mechanism for these administrative subpoenas we are bound by the decision of this court in *Cleveland v. Amazing Tickets, Inc.*, 2013-Ohio-4911, 1 N.E.3d 819 (8th Dist.), which found that jurisdiction for enforcement of these particular subpoenas lies with the Cleveland Municipal Court pursuant to R.C. 1901.18(B).

**{¶8}** However, the Ohio Supreme Court has held that, under Ohio administrative law, a subpoena will be judicially enforced only so long as (1) the inquiry is permitted by law, (2) the records sought are relevant to the matter in issue, and (3) the records' disclosure will not cause unreasonable costs and difficulty. *Ohio Bur. of Workers' Comp. v. Salkin*, 8th Dist. Cuyahoga No. 96173, 2011-Ohio-4260, ¶ 9, citing *State ex rel. Civ. Rights Comm. v. Gunn*, 45 Ohio St.2d 262, 344 N.E.2d 327 (1976). "[R]esolution of such questions is properly the subject of a hearing * * *." *Gunn* at 267.

**{¶9}** In this instance, by summarily granting relief without affording Amazing Tickets an opportunity to challenge the subpoena consistent with the above authority or holding a hearing on the matter, the trial court circumvented the procedure set forth in *Gunn*. This omission is particularly relevant in this instance because the subpoena attached to the city's petition is facially invalid in that it fails to comply with Civ.R.

45(A)(1)(c). Although, by their nature, administrative subpoenas cannot strictly comply with every provision in Civ.R. 45,[1] the Ohio Supreme Court has held that an administrative subpoena that fails to comply with Civ.R. 45(A)(1)(c) by omitting the required language set forth therein is invalid. *Cincinnati Bar Assn. v. Adjustment Serv. Corp.*, 89 Ohio St.3d 385, 387, 2000-Ohio-204, 732 N.E.2d 362.[2] Such subpoenas have been held to be unenforceable. *Five Star Fin. Corp. v. Merchants Bank & Trust Co.*, 1st Dist. Hamilton No. C-120814, 2013-Ohio-3097, ¶ 14.

{¶10} Therefore, we find that the trial court erred in ordering Amazing Tickets to comply with the City's administrative subpoena.

{¶11} Amazing Tickets' first assignment of error is sustained.

{¶12} We find Amazing Tickets' second assignment of error to be moot.

{¶13} The judgment of the trial court is reversed and vacated.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court be sent to the Cleveland Municipal Court to carry this judgment into execution.

---

[1] *See, e.g.*, Civ.R. 45(A)(1)(a) requiring the subpoena to state the name of the court from which it is issued.

[2] The distinction made in *State ex rel. Galbraith v. Indus. Comm.*, 10th Dist. Franklin No. 02AP-1214, 2003-Ohio-7025, is inapplicable here because, unlike that case, there is no exemption from Civ.R. 45 for the administrative subpoena at issue in this case.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, ADMINISTRATIVE   JUDGE

SEAN C. GALLAGHER, J., and
ANITA LASTER MAYS, J., CONCUR